The Oiiak-celloe.
The bill in this cause was filed to en-
force the performance of a contract for the exchange of real estate, entered into between the complainants and Mott, one of the defendants, on the nineteenth of Juno, 1861. The bill alleges that, by the agreement, the deeds for the exchange of' the said real estate were to be delivered on or before the twenty-second day of July, 1861; that, within the time limited for the exchange of said deeds, a deed was delivered for the land to be conveyed by the complainants pursuant to the agreement, and that, for the land to be conveyed by Mott, a deed was executed and delivered by Bull to the agent of the complainants; but that, as complainants afterwards discovered, the deed was executed in blank, and the names of the complainants afterwards inserted as grantees, without the authority of Bull, by reason whereof the deed is void, and conveys no title to the grantees. The bill prays that Mott may be decreed specifically to perform his contract, and to procure a valid deed for the premises to be executed to the complainants in pursuance of his agreement, or in default thereof, that he bo decreed to reconvey the premises conveyed to him by the complainants. The present *432 motion is to amend the bill, by inserting therein a charge that, at the time of the contract, false and fraudulent representations, as to the value of the property, were made by the agent of Mott, by striking from the bill the prayer for specific performance, and inserting therein a prayer that the contract be declared fraudulent and void.
The motion must be denied. Amendments are made in equity with great liberality. They are in fact made at every stage of the proceedings wherever the substantial ends of justice will be thereby promoted. But the indulgence has its limitations, although, from the very nature of the case, it is difficult to fix the precise line beyond which the court, in the exercise of its discretion, will not go. Any imperfection in the frame of the bill may thus be remedied as often as occasion shall require. Thus, to enable the court to do complete justice, new matter existing at the time of filing the bill may be inserted, new parties added, irrelevant matter stricken out, and unnecessary parties omitted. Story’s Pq. PI., § 885; 1 Dan. Ch. Pr. 469.
As a general rule, material amendments should be applied for and made before the cause is at issue. Pedesdale’s Treat, (by Jeremy) 55, 322; Cooper's Pq. PI. 333; Story's Pq. PI., § 332, 886.
But formal amendments, and the introduction of necessary parties and amendments in the prayer of the bill, to meet the exigency of the case, will be made up to and after the final hearing. 1 Dan. Ch. Pr. 439, 440.
It would seem, as well from the reported cases as from the language of our rules, that the privilege of making material amendments has little, i'f any restriction, if made before a sworn answer is filed or issue joined. Thus in Mavor v. Dry, & 2 Sim. 4 Stu. 113, the plaintiff, by his original bill, sought to set aside a deed. Under the usual order, he amended his bill by making a different case, and sought to establish the deed. Pules X, § 1.
In Buckley v. Corse, Saxton 504, the bill was filed by a purchaser at a sheriff’s sale of land, on which the defendant *433 held a mortgage. As originally filed, the bill charged that the complainant had an absolute title to the premises older than the defendant’s mortgage; but that, under the belief that the mortgage was prior to the judgment under 'which he purchased, he had agreed to pay it, and had paid large sums on account. He thereupon prayed for an account of the moneys thus paid. The answer, alleging that the defendant’s mortgage was in fact prior to the complainant’s title, denied the equity of the bill, and the injunction was dissolved. After the dissolution, the complainant had leave to amend his bill, and it was amended by making it a bill to redeem the defendant’s mortgage, and a now injunction granted by the injunction master in the absence of the Chancellor. A motion was made to dissolve the injunction, upon the ground, among others, that the amendment was unwarranted by the practice of the court. The motion to dissolve was denied. But the Chancellor expressed doubts as to the extent of the amendment. It is obvious, indeed, that his conclusion was reached rather from a belief that the ends of substantial justice were thereby attained than from conviction of the propriety of the amendment, and that if the matter had been presented to him originally upon a motion to amend, it would not have been permitted.
In Philhower v. Tod, 3 Stock. 54, 312, after hearing upon a motion to dissolve the injunction, and the delivery of the opinion of the court, that the injunction should be dissolved, and the bill dismissed for want of equity, the injunction was retained, and the party permitted to amend by altering the frame and averments of his bill.
In Henry v. Brown, 4 Halst. Ch. 245, which was also an injunction bill, the complainant was allowed to amend her bill, after the testimony was closed and after the final hearing, by adding a new party, by changing the prayer for relief, and by so amending the frame of the bill that the proper relief could be administered. But it does not seem that in either of these causes the complainant was permitted to make a new case.
*434 These cases show that the practice of amending injunction bills after answer and after argument has obtained in this state, and that the indulgence has been granted more freely than has been approved elsewhere. Rodgers v. Rodgers, 1 Paige 424; Whitmarsh v. Campbell, 2 Paige 67; Verplanck v. Mer. Ins. Co., 1 Edw. 46.
■But without questioning the propriety of either of these decisions, neither of them, nor any one of the cases cited upon the argument, is an authority to support the present application. .The cause is at issue, the replication having been filed on the eighth of February last. The time limited by the rule to close testimony has expired. The presumption therefore is that the evidence has been taken, though ■this fact does not otherwise appear, nor do I deem it material. The party now asks to amend his bill, not by introducing new parties, nor amending the prayer for relief, nor altering the averments and frame of the bill touching the original ground of complaint, nor introducing such new facts .as may enable the court to do full justice to the parties upon • the case originally made, but by making a new case totally inconsistent with that made by the bill as originally framed. The bill affirmed the contract, and asked a specific performance. The complainant now asks to amend by charging that the contract is fraudulent, and asking that it may be declared void. If this is proper under the'usual order to .amend before answer, it cannot be done'after issue joined. It is making a new case, which will not be permitted at this stage of the cause. In Eeniston v. Little, 2 Sch. $ Lef. 11, note, Lord Redesdale said: ■“ I know of no case which allows an amendment in order to enable the party to make a new case.” And although there are cases where it has been per- • mitted, before the cause is at issue, and before a sworn answer has been filed, yet even then its propriety has been questioned, and at a later stage of the cause has not been allowed. Smith v. Smith, Cooper 141; Verplanck v. Merc. Ins. Co., 1 Edw. 46; Pratt v. Bacon, 10 Pick. 123; 1 Dan. Chan. Pr. 466-7.
*435 The proper practice where the complainant has mistaken his case is to dismiss the bill without prejudice to a new bill. Dan. Ch. Prac. 440, and cases there cited.
There are other objections urged to allowing the application for amendment.
The title deed and possession of the premises in question was delivered in July, 1861. The bill was filed on the twenty-sixth of October, 1861. The affidavit on which the petition for leave to amend is founded states that, since the filing of the bill, the complainants have discovered that the representations made by the agent of the defendant as to the value of the premises were false and fraudulent. That may be true, and yet the discovery may have boon made nearly nine months since. It is certainly remarkable if the complainants have remained in possession of the premises nearly a year without discovering their true value. The application to amend should have been promptly made. Though no injunction was issued, notice of the pendency of the suit is a restraint upon alienation, and must operate prejudicially to the rights and interests of the defendant.
If the alleged fraud consists in a mere false assertion of value, either by the grantors themselves or by their agent, this constitutes no ground of relief to the purchaser. 2 Kent’s Com. 485. But the false assertion of value, as set out in the petition, is coupled with and confirmed by a statement of facts by the agent, which is also charged to be false and fraudulent. This may vary the rights of the complainants, and lay the foundation for a title to relief. The principal is clearly liable civiliter for the fraud of his agent, and any fraud or misrepresentation by the agent affects the rights of the principal to recover. Paley on Agency (ed. 1847) 301, 325; Hern v. Nichols, 1 Salk. 289; Sandford v. Handy, 23 Wend. 260; Putnam v. Sullivan, 4 Mass. 45; North River Bank v. Ayman, 3 Hill 262.
It is not necessary to decide the last point. If the complainant has title to redress on that ground, he may obtain it by filing a now bill.
The motion is denied.