Hance *v.* Conover.

GEORGE C. HANCE and others

*v.*

WILLIAM W. CONOVER and others, executors.

31  505
46  384

31  505
51  329

31  505
53   39

Where remaindermen interested as such in personal property under a will of which the life tenant was executor, made no objection in his life-time to his inventory of the 'estate, but came into court after his death and four years after he filed the inventory, seeking to charge his estate with securities not in his inventory,—*Held*, that they were, under the circumstances, barred by their laches.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. Abel I. Smith*, for complainants.

*Mr. R. Allen*, for defendants.

THE CHANCELLOR.

The object of this suit is to surcharge the inventory made and filed by Robert H. Hance, deceased, as executor of his wife.   By her will, she gave the use of all her property to him for life, with provision that if he " should desire, after her decease, to use more than the interest of her estate, or what might accrue from the interest of her estate, real or personal, he might use so much of the principal as he might deem proper for his necessary and comfortable use."   She died June 6th, 1872.   On the 18th of that month he proved the will, and, subsequently, filed an inventory, making affidavit thereto on the 13th of July, 1872, that it was a true and perfect inventory of all and singular the goods, chattels, and credits of the testatrix which had come to his knowledge or possession, or to the possession of any other person or persons to his use.   The articles in the inventory are wearing apparel, household furniture, some silver plate and a bond and mortgage for $1,000 and interest thereon, valued altogether at $1,305.85.   Mr. Hance died in September

1876, testate. The bill is filed by persons interested in the estate of Mrs. Hance under her will, and seeks to obtain from the executors of her husband an account of government bonds to the amount of $3,300, gold coin to the amount of $1,500, and other moneys, goods, chattels and effects, to the amount of $5,000; in all, $9,800, which it alleges Mr. Hance received from his wife's estate, and which he did not put in the inventory, and for which he has never, in any way, accounted. The case shows no effort to prove any of those items except the government bonds, and, as to them, the proof is of a character so entirely unsatisfactory as to forbid that a decree should be made for an account in respect to them. There is no proof that Mrs. Hance ever bought any government bonds, and none that she ever owned any. Among her husband's papers were found, after his death, two slips of paper purporting to be memoranda of government bonds owned by her and him respectively. It appears, too, by the books of the bank where the bonds which he controlled were left for safe keeping by him, that a distinction was made, up to the time of her death, in the entry to the credit of Mr. Hance of the money received for the coupons which the bank collected for him, her christian name, or an abbreviation thereof, or its initial letter, being, from time to time, written opposite the entry of the proceeds of part of the coupons. It also appears that before her death he kept the bonds on which the interest was collected by the bank, in two separate envelopes there, one marked with her name and the other with his. But it does not appear that she ever received any of the interest from the bonds, or any of the money entered in her husband's bank account to his credit. Nor does it appear in any way that she ever claimed to own those bonds, or any of them, or to have any control whatever over them, or any right to them, or to the interest thereon.

For aught that appears, the bonds were all his, though part of them were kept in an envelope marked with her name. There is no proof when the memoranda before

mentioned were made. It is suggested by the complainants' counsel that they were made in or about 1870. The person who made them is produced, but he can give no account of them. He does not know for whom or by whose direction they were made, nor can he tell under what circumstances tl ey were made. He was the cashier of the bank, but he distinctly testifies that he only knew Mr. Hance in connection with the bonds, and that Mrs. Hance never did or said anything in reference to them, though she sometimes accompanied her husband to the bank when he came to attend to business in connection with them, but on those occasions she remained outside in the carriage. Whether she ever owned the bonds at all, or, if she owned them, whether her husband bought them of her, or she gave them to him in her life-time, are questions the answers to which must be left to conjecture. It is enough to say that there is not sufficient evidence to charge the estate of her husband with the value of any government bonds as received by him from her estate. The inventory was filed by him in July, 1872. He did not die until September, 1876. The persons interested in remainder under her will, had abundant opportunity in the four years to except to the inventory, and to make inquiry by judicial proceedings into the honesty of it. They have left the matter until his death, and they must, under the circumstances, accept the disadvantages of the situation.

The bill will be dismissed, with costs.