EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-CHANCELLORS.

EMMANUEL FODOR, petitioner,

*v.*

JULIA KUNIE, defendant.

[Decided December 9th, 1920.]

1. A decree of nullity of marriage may be rendered in a case at the suit of the wife only, when she was under the age of sixteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age.

301

2. Amendments must be germane, that is akin or closely allied to the pleading amended; and while they are allowed in equity with great liberality, the doctrine has not been extended so far as to permit the substitution of an entirely different case from that made in the original bill or petition.

3. At common law a girl is capable of consenting to marriage if she be twelve years old, and suit will not lie under the general equity jurisdiction of this court to annul the marriage of a girl over twelve, even if she fraudulently represented her age to be eighteen when it was thirteen.

4. A suit for nullity of marriage under the general jurisdiction of equity must now be brought by petition in conformity with the provisions of *P. L. 1916 p. 109.*

5. A statute providing that a marriage may be declared void where the female is under a certain age leaves the common law rule otherwise unaltered.

6. The consent of parent or guardian is not necessary to the validity of a minor's marriage unless a statute expressly declares that a marriage contracted without it shall be void; and there is no such statute in this state.

7. Where a statutory remedy is given in chancery the pleading which initiates it, whether bill or petition, cannot be amended so as to make an entirely different case under the general equity jurisdiction of the court, where such statute is not declaratory of the existing power of the court, but creates a new and theretofore unafforded cause of action.

8. Only an infant defendant in a divorce suit who is upwards of sixteen years of age can defend in person (*P. L. 1915 p. 539*); under that age the defendant must be represented by guardian *ad litem.*

On application to amend petition for nullity of marriage.

*Mr. George Kemeny,* for the petitioner.

WALKER, CHANCELLOR.

The petition in this cause alleges that on January 24th, 1920, a form or ceremony of marriage took place between the petitioner and the defendant at Perth Amboy, at which time the defendant was incapable of consenting thereto, being then an infant under the age of sixteen years, and under the statute incapable of giving her consent to the marriage; that petitioner was ignorant of the defendant's incapacity at the time of the marriage, and was not made cognizant thereof until afterwards, namely, on February 18th, 1920; that the defendant was never capable of ratifying the marriage by reason of her being under

the age of sixteen and that the incapacity continued and the marriage had not been in anywise ratified by the defendant. Petitioner prayed that the marriage be declared by decree of this court to be null and void for the cause mentioned, pursuant to the statute. The defendant was served with process of citation and a copy of the petition, but did not answer. Subsequently, an order of reference to a special master was made in due form. Testimony was taken before the master, who reported that the defendant was capable of consenting to the marriage, being of the age of fourteen years, and the suit not being brought by her, but by the husband, the petition could not be sustained; that the petitioner is not entitled to the relief prayed, and he recommended that the petition be dismissed.

Motion is now made for an order that the petitioner have leave to amend the petition as he may be advised, with provision for service of a copy of the amended petition, including twenty days' time limited for the filing of an answer thereto, after service. The character of the amended petition intended to be filed is indicated by a draft thereof submitted with the motion. It avers the performance of the ceremony of marriage, and then alleges that at the time of the marriage the defendant fraudulently represented herself to be eighteen years of age, when in fact she was thirteen; that petitioner was ignorant of the defendant's true age at the time of the marriage, and was not cognizant thereof until February 18th, 1920; that the alleged pretended marriage had never been consummated. The prayer is that the marriage may be decreed to be null and void for the cause mentioned, "pursuant to the statute in such case made and provided." This last is evidently a mistake, because the *statute* gives no power to the court to annul a marriage for fraud inducing the contract. The case set up in the draft of proposed amended petition is an appeal to the *general jurisdiction* of equity dissociated from any statutory power. And, plainly, the pending motion is intended as an application to the court to change the case from the statutory one to one under the jurisdiction exemplified in the late cases of *Davis* v. *Davis, 90 N. J. Eq. 158; Bolmer* v. *Edsall, 90 N. J. Eq. 299; Ysern* v. *Horter, 91 N. J. Eq. 189.*

Amendment in practice is the correction, by allowance of the court, of an error committed in the progress of a cause. *1 Bouv. Law Dict. (Rawle's rev.) 138.* Amendments are allowed in equity with great liberality. *Codington* v. *Mott, 14 N. J. Eq. 430; Seymour* v. *Long Dock Co., 17 N. J. Eq. 169.* But the doctrine has not been extended so far as to permit the substitution of an entirely different case from that made by the original bill. In *Codington* v. *Mott, supra* (at *p. 434*), Chancellor Green observed that Lord Redesdale, in *Deniston* v. *Little, 2 Sch. & Lef. 11, note,* said that he knew of no case which allows an amendment in order to enable the party to make a new case, and concludes by saying that the proper practice, where the complainant has mistaken his case, is to dismiss the bill without prejudice to a new one. In *Berla* v. *Strauss, 74 N. J. Eq. 678,* Vice-Chancellor Howell held that a bill by a surviving partner in his own name to declare and enforce a resulting trust could not be changed by amendment to a bill for accounting exclusive of the theory of such trust; that that would require fundamental changes which should be asserted only by a new and original bill. This case was affirmed (*76 Ibid. 275*) on other ground, but without criticism of this one. It may not be out of place to observe that amendments in chancery differ from those at law, for, under the Practice act, a court of law may, by amendment, upon terms, permit the statement of a new or different cause of action in a complaint or counter-claim (*Thompson* v. *Peppler, 91 N. J. Law 160, 161*), while the power of amendment in chancery has been evolved as a matter of practice, and is not regulated by statute, except to provide that amendments in that court may be made on terms. (*Comp. Stat. p. 438 § 77*) which, by the way, is an inherent power and the statutory provision is merely declaratory.

Amendments must be germane—that is, akin or closely allied to the pleading amended. Now, this suit was evidently brought under the Divorce act. *P. L. 1907 § 1 subdiv. 5.* It could have been brought under none other, because neither at common law nor by statute, except the statute mentioned, could a suit have been instituted to annul this marriage because the girl was under sixteen, and that suit could be brought only by the wife, not by the husband. Clearly, the case proposed to be made by the

amendment, namely, an allegation that the girl fraudulently concealed from the petitioner the fact that she was only thirteen years of age at the time of the marriage, is in no way related to the statutory proceeding unwarrantably instituted by the petitioner. This is not all: As at common law a girl is capable of consenting to marriage if of the age of twelve years (*1 Bl. Com. 436*) no suit will lie under the general jurisdiction of the court to annul the marriage of a girl over twelve, even if she fraudulently concealed or misrepresented her exact age. In other words, as neither the common law nor the statute gives this petitioner any remedy to annul this marriage, it would be of no avail to him either to amend his present petition or dismiss it and commence a new suit under the general jurisdiction, which, under *P. L. 1916 p. 109*, would have to be instituted by petition.

A statute providing that a marriage may be declared void where the female is under a certain age has been held to leave the common law rule otherwise unaltered. *Bennett v. Smith, 21 Barb. (N. Y.) 439.* Now, our statute (*P. L. 1907 § 1 subdiv. 5, supra*) provides that a marriage may be annulled at the suit of the wife, when she was under the age of sixteen at the time, unless such marriage be confirmed by her after arriving at that age. In this state, therefore, the marriage of a girl over twelve, but under sixteen years of age, may be confirmed by her on arriving at sixteen, and, if so, it becomes indissoluble—unless for some other valid reason. Nor is the consent of a parent or guardian necessary to the validity of a minor's marriage, unless a statute expressly declares that a marriage contracted without it shall be a nullity. *26 Cyc. 834.* And we have no such statutory provision. Formerly, the person authorized to solemnize marriage, who married a minor without the requisite consent of parents or guardian, was liable to a penalty under the statute. *Craft v. Jachetti, 47 N. J. Law 205.* But now persons cannot be married in this state without a license first had and obtained. *P. L. 1912 p. 307 § 3; Comp. Stat. first supp. p. 924 § 7.* And a penalty is visited upon any person authorized to solemnize marriages who shall perform any marriage ceremony without the presentation of a license therefor. *P. L. 1912 p. 311 § 10;*

*Comp. Stat. first supp. p. 926 § 14.* Except in certain cases of persons in the armed military or naval service of the United States. *P. L. 1918 p. 519.* And no such license shall be issued without the consent of parents or guardian to the marriage of a male under twenty-one or a female under eighteen, save in the instances excepted in the statute. *P. L. 1912 p. 910 § 8; Comp. Stat. first supp. p. 925 § 12.*

I have no hesitation in pronouncing that where a statutory remedy is given in chancery, the pleading which initiates it, whether bill or petition, cannot be amended so as to make an entirely different case under the general equity jurisdiction of the court, where, as in this case, the statute is not declaratory of the existing power of the court, as *In re Ungaro, 88 N. J. Eq. 25,* but creates a new and theretofore unafforded cause of action.

Besides the reason given by the master there is another one appearing in the record why the petition should be dismissed. It is that the defendant, being an infant under sixteen years of age, should have had a guardian *ad litem* appointed for her by whom she might appear and answer and defend the suit. *Lang v. Belloff, 53 N. J. Eq. 298; Bunting v. Bunting, 87 N. J. Eq. 20; Bid. N. J. Div. Pr. (2d ed.) 38.* The reason I say that, being an infant under sixteen, a guardian should have been appointed for her is because the legislature has passed an act permitting a woman who has attained that age to appear and prosecute or defend a suit for divorce or nullity of marriage. *P. L. 1915 p. 539.* Before the passage of that act an infant petitioner under twenty-one years of age was obliged to sue by next friend, and no decree could be made against an infant under that age unless such defendant was represented by a guardian *ad litem.* The defendant before me is now only in her fifteenth year, and not being represented before the court by guardian, the petitioner is not entitled to proceed with his case. In these circumstances the order of reference was inadvertently made. The mere fact that the defendant is not represented by guardian *ad litem* does not in and of itself require the dismissal of the petition. That difficulty could be overcome by the appointment of a guardian, probably even after testimony taken, as in the case before me, and the cause could be proceeded with *de novo.* Certainly,

no decree could be pronounced against her in the absence of a guardian, and if one were it would be a nullity. As amendments are allowed in the discretion of the court, doubtless, in the present posture of this case, the court instead of vacating the order of reference and setting aside the master's report and appointing a guardian and permitting the cause to proceed *de novo,* can with equal propriety dismiss the petition for this defect.

For the foregoing reasons the amendment applied for must be denied and the petition will be dismissed.