ELIZABETH ROBBINS, otherwise ELIZABETH LANNING,
petitioner,

*v.*

LEWIS LANNING, defendant.

[Decided March 28th, 1922.]

So much of the act entitled "An act to amend an act entitled 'An act
for the punishment of crimes' (Revision of 1898), approved June four-
teenth, one thousand eight hundred and ninety-eight," passed March 1st,
1921 (*P. L. p. 43*), as provides that every marriage contracted in the
circumstances made a misdemeanor by the act, is void because violative
of article 4, section 7, paragraph 4 of the constitution, which provides
that every law shall embrace but one object and that shall be expressed
in the title.

On application for assignment of solicitor to prosecute a suit
for nullity of marriage *in forma pauperis.*

WALKER, CHANCELLOR.

The petitioner applies for appointment of a solicitor to
prosecute for her a suit for nullity of marriage *in forma
pauperis.* The matter was referred to a special master who
reports that on September 8th, 1921, petitioner was married
to the defendant; that she is seventeen years of age, and that
the defendant is twenty-three years old. It appears from the
testimony before the master that on the day named defendant
took the petitioner from her home, in Trenton, to Red Bank,
without knowledge or consent of her mother or father, and,
being informed that her mother had said she was disgraced, the
parties were married; and that the marriage has never been
consummated.

The act providing for divorces and decrees of nullity of
marriage, &c. (*P. L. 1907 p. 474*), provides, in section 29, that

wherever any poor person shall have cause of suit under that act, not being worth $100 clear estate, the chancellor may at his discretion assign a solicitor and counselor to prosecute said cause without fee or reward.    The act concerning marriage (*Comp. Stat. p. 3217* § 7) provides that a license to marry shall not issue if a male applicant is a minor under twenty-one or the female under eighteen years of age, unless the parents or guardians of the minor shall certify under their hands their consent thereto, but this section does not make void any marriage performed in violation of its provisions.    The petitioner has no cause for nullity under our Divorce act, *supra,* nor, so far as I can see, under the general jurisdiction of the court for fraud affecting an essential of the marriage relation (*Bolmer* v. *Edsall,* 90 *N. J. Eq.* 299; *Ysern* v. *Horter,* 91 *N. J. Eq.* 189; *Dooley* v. *Dooley,* 115 *Atl. Rep.* 268), at least no such showing is made on her application for the assignment of counsel.    Reliance, however, is made upon the provisions of the act of March 1st, 1921 (*P. L. 1921 p. 48*) entitled "An act to amend an act entitled 'An act for the punishment of crimes' (Revision of 1898), approved June fourteenth, one thousand eight hundred and ninety-eight," which provides, *inter alia,* that any person who shall convey or take away any unmarried woman child under the age of eighteen years, from the possession, custody or governance and against the will of the father, mother or guardian of such child, though with her own consent, with intent to contract matrimony with her, &c., shall be guilty of a misdemeanor; and if he contract matrimony with her, without such consent, he shall be guilty of a misdemeanor; and every such marriage shall be void.

Assuming that leave to sue in chancery *in forma pauperis* extends to any and all cases and is not restricted to those arising under the Divorce act of 1907, *supra,* still the applicant in this case is not entitled to that leave because the provision in the act of 1921, making the marriage between the parties to these proceedings void, is itself void because unconstitutional, because it offends against article 4, section 7, paragraph 4 of the constitution of New Jersey, which provides, *inter alia:* ·

"To avoid improper influences which may result from intermixing in one and the same act, such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title."

In *Hawkins* v. *American Paper Co., 69 N. J. Law 126,* section 17 of "An act to provide a uniform procedure for the enforcement of all laws relating to fish, game and birds, and for the recovery of penalties for violations thereof," was under review as to its constitutionality, and Mr. Justice Garrison, speaking for the supreme court, observed (at *p. 127*) that it was inoperative because its object was not expressed in the title of the act, which related wholly to procedure and gave no intimation of a purpose to impose or increase penalties.

In *Hayes* v. *Storms, 64 N. J. Law 514,* the supreme court had before it the question of the constitutionality of the third section of an act entitled "An act to increase the jurisdiction of the justices of the peace," which made it a penal offence for any justice to issue a summons on behalf of any person for whom he was agent, and Mr. Justice Garrison, speaking for the court, said (at *p. 516*) that this section was not an increase in the jurisdiction of the justice, and did not concern jurisdiction; that it prescribed a decent rule of conduct, and that object was not expressed in the title; and that no section of an act has any effect beyond the object expressed in its title. Now, the title of the act under consideration, namely, one for the punishment of crimes, to my mind gives no hint or token of an intention to make a marriage void, and, in my judgment, that provision of the act is a nullity because it violates the constitutional provision above quoted.

In *Griffith* v. *Trenton, 76 N. J. Law 23,* the supreme court held that in whatever sense the title of an act would naturally and generally be taken, is ordinarily the meaning that should in a constitutional sense be, held to be expressed in it. Surely, one would not naturally think that an act for the punishment of crimes would deal with the substance of the marriage relation. On the contrary, one would expect to find such legislation under the title of "Marriage" or "Divorce and Nullity."

In *Reese* v. *Stires*, *87 N. J. Eq. 32*, I held that the act of March 3d, 1915, which in terms abolished estates and interests of dower and curtesy, violated the provision of the constitution hereinabove quoted, and was null and void to that extent, as the single object expressed in the title concerned only the descent of real estates, and dower and curtesy do not descend; and, in effect, expressed the view that legislation with reference to dower and curtesy could only be affected by acts having an appropriate title—that is, ones mentioning those subjects as objects of the legislation.

In *Jordan* v. *Moore, 82 N. J. Law 552*, the court of errors and appeals held that under article 4, section 7, paragraph 4 of the constitution the title of an act of the legislature constitutes a limitation upon the enacting clauses, and that any construction of the latter that would give them a scope beyond the object expressed in the title is to be rejected.

The views above expressed are not in conflict with the decision of the court of errors and appeals in *State* v. *Twining, 73 N. J. Law 683*, wherein it was held that the title of an act concerning trust companies included in its expressed object not only regulation but also provision to enforce regulation by penalties and prosecution. Chancellor Magie, who wrote the opinion of the court (at *p. 689*), said: "The title indicates the legislative purpose to be directed to trust companies. Such legislative purpose necessarily includes regulation of such companies, including the regulation of those who direct or act for them and the enforcement of such regulations. That enforcement is usually provided by enactments for penalties for the breach of regulations, and this, which Blackstone calls the sanction of the law, seems necessarily included in the title, which expressed the object to be to regulate certain corporations."

Rendering void a marriage otherwise valid cannot, I think, be held to be a punishment for a crime, not even the crime of contracting the particular marriage, because, the innocent party to it—that is, the party without criminal intent, might not desire to have it annulled. Now, this marriage, in and of itself, appears to be valid, even though the girl at the time of contracting it was under the age of consent to marriage without the con-

sent of parents or guardian, which is eighteen years, she being actually seventeen years of age, while she was not at an age which permits her to repudiate the marriage and have it declared null when coming to the age of such consent, namely, sixteen years. It is true that this young woman desires to have this marriage annulled, but she does not count upon any cause for annulment under our law except this statute of 1921, whose provision in that regard, as stated, is inoperative and void because constitutionally defective.

The application for assignment of a solicitor will be denied.