This is a petition by a father and mother praying for a decree of nullity of marriage between the defendants, their daughter, Eleanor Patricea Niland and William J. Swift. The cause for action is alleged to be that their daughter went through a pretended ceremony of marriage with Swift at Jersey City, on August 3d 1924; that at the time thereof the daughter Eleanor was under the age of eighteen years, to wit, was seventeen years and four months old, and that the marriage was against the will of petitioners, her parents, and without their consent, and that Eleanor was taken from their possession, custody and governance by Swift against their will, without their knowledge or consent, and with intent to contract matrimony with her. It is apparent that the case is brought and sought to be prosecuted under "An act to amend an act entitled `An act for the punishment of crimes' (Revision of 1898), approved June 14th, 1898," passed March 1st, 1921. P.L. p. 43. But in Robbins v. Lanning,93 N.J. Eq. 262, I held that so much of that act as provides that every marriage contracted in the circumstances made a misdemeanor by it is void, because violative of article 4, section 7, paragraph 4 of the constitution, which provides that every law shall embrace but one object, and that shall be expressed in the title. Hence, this action will not lie for that reason.
The act of March 1st, 1921 (P.L. p. 43), being unconstitutional in so far as it renders a marriage void, the marriage of these parties is not void, for the reason asserted by the petitioners — that is, because their daughter was under *Page 440 
the age of eighteen years and the marriage was solemnized without their consent. Formerly, the person authorized to solemnize marriage, who married a minor without the consent of parents or guardians, was liable to a penalty under the statute, but now, as persons cannot be married in this state without a license first had and obtained, the penalty is visited upon an authorized person solemnizing the marriage without the presentation of a license, except in certain cases, in which the instant case is not included. Fodor v. Kunie, 92 N.J. Eq. 301 (at pp. 305,306).
Furthermore, no third party or parties have any standing to bring a suit to annul a marriage. Such a suit may only be brought by one of the parties thereto. This is the first petition that I have ever encountered in which parents of a married person have assumed to bring a suit for nullity of their child's marriage. There is absolutely no precedent for such a suit as this. The remedy of divorce (and equally of nullity) and the right to seek it belong exclusively to one or the other of the spouses. 19Corp. Jur. 98.
The clerk in chancery has asked me if he shall issue a citation on the petition in this case. I have instructed him not to do so, and am minded to dismiss the petition of my own motion at this stage of the proceedings. Where the court lacks jurisdiction to grant the relief prayed, the bill or petition may be dismissed at any stage of the proceedings. Philadelphia Trust Co. v.Merchantville, 74 N.J. Eq. 330. But, as it is a general principle that no person shall be condemned unheard, I am of opinion that I should give the petitioners an opportunity to show, if they can, why they should be permitted to prosecute this cause, a right to do which they have asserted by the filing of the petition. In Hess v. Cole, 23 N.J. Law 116, Chief-Justice Green observed (at p. 124) that it is an inflexible rule of law, as well as the clear dictate of justice, that no man shall be deprived of his rights without an opportunity of being heard. See, also, In re Martin, 86 N.J. Eq. 265.
The petitioners will be given fifteen days from the filing of this opinion in which to show cause why it should not be dismissed. *Page 441