Of the voluminously stated grounds for striking the petition, only one appears of sufficient merit to warrant consideration. That ground is the fact, appearing by the petition itself, that the petitioner has been adjudicated to be a lunatic and is prosecuting this action by his guardian. The right of the guardian to prosecute a suit for annulment of the marriage, on the ground that his ward was insane when the marriage contract was made, is challenged. While cases where a lunatic, by his guardian, defends a suit for nullity on the ground of his insanity at the time of the marriage contract are not infrequent (Buffum v. Buffum, 86 N.J. Eq. 119), I have *Page 127 
found but one reported case in New Jersey in which a suit for nullity was prosecuted by the guardian of a lunatic. Kern v.Kern, 51 N.J. Eq. 574. The right of the guardian to prosecute that suit does not seem to have been questioned or considered. The case has been frequently cited by this court and the court of errors and appeals, but nowhere, so far as I have been able to find, has the fact that the action was prosecuted by the guardian of a lunatic been mentioned. In Niland v. Niland, 96 N.J. Eq. 438,
the parents of a minor filed a petition against the minor and her supposed husband, praying for a decree of nullity of the marriage between the defendants. Chancellor Walker held that the marriage was not void and dismissed the petition; but at page 440, by way of dicta, he said:
"No third party or parties have any standing to bring a suit to annul a marriage. Such a suit may only be brought by one of the parties thereto. * * * The remedy of divorce (and equally of nullity) and the right to seek it belong exclusively to one or the other of the spouses," citing 19 Corp. Jur. 98. No New Jersey citation of this case appears in Shephard's Citations, but it is cited by the supreme court of Florida in Kuehmsted v.Turnwall, 138 So. Rep. 776, and the rule above quoted disapproved.
It is, I think, clearly distinguishable from the instant case. There the petitioners were not acting for or in the right of their minor child; nor were they seeking to protect their own property rights. In the instant case, while the suit is brought by the guardian, it is brought in the name of the lunatic, for his benefit, and in the protection of his property rights.
The Kern Case was not referred to by Chancellor Walker in theNiland Case, but has been cited without comment on the standing of the parties to the suit as late as Naylor v. Naylor,109 N.J. Eq. 603. The English rule as stated in 2 Bish. Mar. D.244 § 298, is that "any person having an interest in a supposed marriage may maintain a suit in his own name to have its nullity declared." See, also, 1 Bish. 95 § 110, and Ray v.Sherwood, 1 Curt. Ecc. 173, 193; 1 E.F. *Page 128 Moore 353, in which a father prosecuted a suit for nullity on behalf of his daughter; and Faremouth v. Watson, 1 Phillim.355, where a sister prosecuted such a suit on behalf of her brother. See, also, Crump v. Morgan, 3 Ir. Eq. 91, 102, in which it was held that where a marriage is supposed to be void by reason of the insanity of a party, the guardian of such a party may bring a bill to have it so declared; and in the guardian's name, or in the name of the lunatic by the guardian, at his election. Biddle on Divorce (2d ed.) 38, 39 and notes, andChild on Divorce 96, cited by counsel for the defendant in support of the motion, are more confusing than helpful on the point involved. It would seem to me that irrespective of our statute on divorce and nullity this court has inherent jurisdiction to declare void any civil contract, whether involving marriage or otherwise, on the ground of fraud or of the incapacity of one of the parties and either at the suit of a party or of any other person whose property rights are affected thereby. The motion is denied. *Page 129