The wife filed her petition for divorce, alleging desertion. The husband, proceeding under the statute (Rev. Stat. 2:50-13) and chancery rule 280 which provides that a defendant may counter-claim "any cause of action," filed his counter-claim, alleging his own physical and incurable *Page 117 
impotency existing at the time of the marriage, and prayed for a decree of nullity.
The wife now asks for leave to amend her petition by adding thereto a second, a third, and a fourth cause of action, all alleging a right to a decree of nullity for the husband's impotence. The second proposed cause of action alleges the defendant's physical and incurable impotence, and a decree of nullity is prayed for this reason under the provisions of the Divorce act. The third and the fourth proposed causes of action invoke the inherent jurisdiction of the court, the allegations therein being fraud on the part of the husband in connection with his impotency.
If I follow Fodor v. Kunie (1921), 92 N.J. Eq. 301, an amendment should be allowed to add the second proposed cause of action to the petition, because such amendment "is a germane amendment, one akin or closely allied to" the desertion cause of action in the petition, and because the remedy following an establishment of the desertion cause of action or of the physical and incurable impotency cause of action is provided by the Divorce act; but no amendment should be allowed to include in the petition the proposed third and fourth causes of action, because they are causes of action coming under the general or inherent jurisdiction of the court. And, after allowing an amendment to include the proposed second cause of action, and disallowing an amendment to include the proposed third and fourth causes of action, for the reasons just stated, if I should follow the holding in Fodor v. Kunie the petitioner should be accorded the right, should she desire, to dismiss her petition without prejudice, that she might, by a new petition, set up the desertion cause of action and all of the proposed causes of action. On such a dismissal, as answer and counter-claim have been filed, the petitioner apparently would need to pay costs. A new petition would mean delay in getting the matrimonial issues to a hearing, and also additional expenses to be borne by one or both of the parties.
Chancery rule 20 provides that in a suit for divorce or nullity of marriage no non-matrimonial cause of action shall *Page 118 
be joined without leave of the court. If the court gives leave, even a non-matrimonial cause of action may be joined with a cause of action for divorce brought under the Divorce act. The inference to be drawn from this rule is that any matrimonial
cause of action may be joined without leave of the court in a suit for divorce or in a suit for nullity. This rule is an authorization for a petition in this suit including a cause of action for divorce for desertion and causes of action for nullity, whether the latter are causes of action for nullity under the Divorce act or causes of action for nullity over which the court has general or inherent jurisdiction. Joinder of causes of action is to be encouraged.
Chancery rule 53 provides that inconsistent causes of action and inconsistent defenses, when stated in the alternative, are not objectionable. This rule relates to all equity suits, including matrimonial suits.
If causes of action may be joined in a petition, I perceive no reason why they may not be joined by an amendment after the petition is filed.
The plain provision of the statute (Rev. Stat. 5:50-20) is that amendments should be allowed in matrimonial suits, so that the chancellor may "proceed to give judgment according to the merits of the case;" and that such procedure is to be followed that the chancellor may be enabled to accomplish this.
The case of Fodor v. Kunie was decided some seventeen years ago, and it is to be said that since then the trend of the decisions has been towards a simplification of procedure and the establishing of a right to tender issues in pleadings so that all the questions affecting the matrimonial relation may be decided at the one time in accordance with the rights of the parties, and this is the purpose of the rules to which I have referred.
I think that on applications for amendment, the power of the court to allow amendments being so broad, and the beneficial and sensible purpose of the statute relating to amendments being as stated in the statute itself, that one opposing an amendment should be called upon to show, by some compelling *Page 119 
decision or approved practice, that the proposed amendment should not be allowed.
The situation of the parties to this suit is novel, and the petitioner was or is apparently in doubt about the nature of her precise cause of action. She should be aided in getting all the matrimonial questions affecting her and the defendant to a hearing in one suit as easily and expeditiously as is possible.
What proof the petitioner now has or may offer on final hearing is not known. It may be that she may discover more proof than she now has between this time and the time of final hearing, or on the final hearing itself. Should the proof on final hearing make out for her a case where she is entitled to a decree of annulment on any of the proposed causes of action, apparently she would be entitled, the defendant not being surprised, to then have her petition amended to include the cause of action to which the proof then before the court may apply "that the chancellor may proceed to give judgment according to the merits of the case."
The cause of action in the petition, the proposed causes of action, and the cause of action in the counter-claim, all relate to the same thing, namely, the defendant's impotency, and the petitioner is endeavoring to have the court adjudicate the issues of impotency as affecting the marriage relation, and she should be aided in her endeavors.
I think it is very narrow to say, as is suggested, that the remedies following an establishment of these causes of action are different. The remedy following the establishment of the cause of action in the petition, of the cause of action in the counter-claim, or of any of the causes of action proposed by the petition for amendment, would be a decree terminating the marriage relation of the parties. It is true that a form of decree of divorce is different from a form of decree of nullity, but the result on the parties and the marriage relation is the same. The only difference is that following a decree of divorce, should the decree be in favor of the wife, alimony may be ordered if the situation or the condition of the parties warrants it; but an order for alimony is not part of a *Page 120 
decree of divorce itself. Alimony, if provided, is provided "after" the decree of divorce by an "order" (Rev. Stat.2:50-37), so that a decree on the cause of action in the petition or a decree on the counter-claim or a decree on any of the proposed causes of action would be the same in effecting a termination of the marriage relation.
The amendment may be made.
(NOTE — The Chancellor has authorized me to state that he approves and concurs in this opinion. He also wishes it published in the Equity Reports.) *Page 121