FINK, Respondent, v. FINK, et al, Appellants.

(17 N.W.2d 717.)

(File No. 8704.   Opinion filed February 16, 1945.)

Rehearing Denied April 9, 1945.

**Edward Prchal,** of Burke, for Appellant.

**W. J. Hooper,** of Gregory, and **Byron S. Payne,** of Pierre, for Respondent.

SICKEL, J.   Plaintiff is the mother of William Fink, defendant, and brings this action to annul his marriage to Beulah Harbeck Fink, the other defendant.

The defendants were in Dakota County, Nebraska, on October 2, 1942.  Both defendants were at that time domiciled in Sioux City, Iowa, and both were 17 years of age.   The defendant William Fink obtained the marriage license by misrepresenting his age.   Immediately after the ceremony the defendants returned to Sioux City where they lived together for a period of about two weeks and separated.   During this time the wife became pregnant, and gave birth to a child an July 20, 1943.   Both defendants were still living in Sioux City when this action was commenced, and both of them were served with process there.   The circuit court entered judgment annulling the marriage and the defendant, Beulah Harbeck Fink, has appealed.

Appellant claims that the plaintiff's complaint does not state, and that the evidence is insufficient to prove, a cause of action in favor of the plaintiff.   This contention is based upon the fact that the plaintiff has brought the action in her own right as the mother of the defendant William Fink and not on his behalf.

In the absence of statute, a parent cannot maintain an action for annulment of a marriage entered into by a

minor child without the parent's consent. In Re Hollopeter, 52 Wash. 41, 100 P. 159, 21 L. R. A., N. S. 847, 132 Am. St. Rep. 952, 17 Ann. Cas. 91; Niland v. Niland, 96 N. J. Eq. 438, 126 A. 530; Ridgely v. Ridgely, 79 Md. 298, 29 A. 597, 25 L. R. A. 800; Henderson v. Ressor, 141 Mo. App. 540, 126 S. W. 203; 35 Am. Jur. 247, Marriage § 105; 38 C. J. 1353.

In Re Hollopeter, supra [52 Wash. 41, 100 P. 161], the court said: "The parent's right to maintain such an action is clearly in behalf of the infant, and is in no way dependent upon any right which the parent may possess to control or restrain the marriage."

In the case of Niland v. Niland, supra, the court said: "Furthermore, no third party or parties have any standing to bring a suit to annul a marriage. Such a suit may only be brought by one of the parties thereto. This is the first petition that I have ever encountered in which parents of a married person have assumed to bring a suit for nullity of their child's marriage. There is absolutely no precedent for such a suit as this. The remedy of divorce (and equally of nullity) and the right to seek it belong exclusively to one or the other of the spouses."

■ SDC 14.0601 provides the statutory grounds for the annulment of a marriage. The first ground stated in this section is: "(1) That the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, * * *."

This is the only statute granting a right of action for the annulment of a marriage on the ground that one of the contracting parties was under the age of legal consent at the time of the marriage. The right to sue is granted by this statute to the minor, and to no one else. If the action is brought during his minority, it must be brought in his behalf by some person legally authorized to do so.

■ The exclusive method of bringing an action on behalf of a minor is provided by SDC 33.0405 which states: "Whenever an infant or an incompetent is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is prosecuted."

This statute was construed in the case of Olsen v. Steele, 51 S. D. 505, 215 N. W. 531. In that case the court adopted the New York interpretation of this statute saying: "An infant plaintiff must have a guardian appointed before he commences his action. If he fails to do so, the defendant may move to have the proceedings set aside for irregularity."

For the reasons stated the plaintiff had no cause of action for the annulment of the marriage entered into by defendants, and therefore the action should have been dismissed.

Judgment reversed.

All the Judges concur.