I have before me the petition of the complainants requesting permission to amend the bill of complaint in this cause.
The power of this court to allow pleadings to be amended is inherent and discretionary in character. In general the power is exercised with liberality rather than with rigid precision.Codington v. Mott, 14 N.J. Eq. 430; Fodor v. Kunie, 92 N.J. Eq. 301; 112 Atl. Rep. 598. Like most, if not all, instances of discretionary authority, the power, however, is not boundless and illimitable. Its exercise has become *Page 542 
circumscribed by certain applicable considerations which have been established by our practice.
The policy has been tersely described by Mr. Justice Harlan inHardin v. Boyd, 113 U.S. 756, 761: "In reference to amendments of equity pleadings, the courts have found it impracticable to lay down a rule that would govern all cases. Their allowance must at every stage of the cause rest in the discretion of the court; and that discretion must depend largely on the special circumstances of each case. It may be said, generally, that in passing upon an application to amend, the ends of justice should never be sacrificed to mere form or by too rigid an adherence to technical rules of practice. Undoubtedly great caution should be exercised where the application comes after the litigation has continued for some time, or where the granting of it would cause serious inconvenience or expense to the opposite side; and an amendment should rarely, if ever, be permitted where it would materially change the very substance of the case made by the bill and to which the parties have directed their proof."
And so, the application to amend the bill invokes the exercise of a power that is essentially discretionary, and the allowance or denial of the application must be indicated by the relevant circumstances underlying the present cause of action.
Although the bill of complaint was filed on April 24th, 1941, this cause is the most recent of a succession of litigation concerning the administration of the estate of one John R. Ditmars, who died testate on December 21st, 1925. His will was admitted to probate by the surrogate of Camden County and letters testamentary were issued to Camden Safe Deposit and Trust Company (now Camden Trust Company) and Katherine L. Ditmars, testator's widow, as executor and executrix. The present complainant prosecuted an appeal from the probate of the will in the Orphans Court of Camden County where the action of the surrogate was affirmed. The decree of the Orphans Court and the propriety of the probate of the will were then presented to the Prerogative Court for review, resulting in an affirmance; whereupon the proceedings were carried on appeal to the Court of Errors and Appeals. Before a decision was rendered by the Court of Errors and *Page 543 
Appeals, the parties entered into a compromise agreement on October 19th, 1928, in pursuance of which the appeal was dismissed. Five years ago the bill in this cause was presented to the Chancellor to bring the administration of the decedent's estate under the supervision of this court. A decree was entered assuming jurisdiction and directing the testamentary trustee to file an account. On December 18th, 1941, an appeal was taken from that decree. Another allied proceeding ensued. See Ditmars v.Camden Trust Co., 131 N.J. Eq. 85; 24 Atl. Rep. 2d 213.
An account has been submitted and the hearing of the exceptions thereto has been in progress before the designated master.
Now in 1946 the complainants petition this court for permission to amend the bill of complaint to enable them to challenge the propriety of a sale of certain shares of stock of Homestake Mining Company and of Hercules Powder Company made by the executors in the year 1926.
The executors revealed the sale of the stock in their first account which was approved by the Camden County Orphans Court on December 7th, 1928. Due to the litigation concerning the probate of the will, an administrator pendente lite was appointed whose account was likewise approved by the Camden County Orphans Court on December 7th, 1928.
After the execution of the settlement agreement and on March 7th, 1930, the executors presented to the Camden County Orphans Court their final account which was approved on March 7th, 1930. Those accounts were informative to all parties in interest that the shares of stock had been sold and converted into cash. Although the complainants in the present cause were parties to the accounting proceedings and represented by competent counsel, they did not interpose any objection or register any exception to the action of the executors in that particular. Nor is it intimated that the complainants were induced to refrain from so doing by means of any fraud or misrepresentation.
Whether or not the decrees of the Camden County Orphans Court approving the accounts of the executors and of the administratorpendente lite are in such circumstances to be regarded as conclusive upon the complainants (see, for example, *Page 544 Pollack v. Bowman (Court of Errors and Appeals), 139 N.J. Eq. 47), or are not to be so regarded by reason of the progressive prosecution of the several appeals, is not a pivotal factor in the determination of the present application. The proposed amendment will in effect introduce at this late date an additional and independent subject of controversy in the pending litigation. The fact that the executrix has died is also a circumstance of significance. To sanction at this time an amendment of such a nature so tardily requested would be manifestly indiscreet and inequitable. It comes too late. Vide,Cocheu v. New Jersey General Security Co., 111 N.J. Eq. 328;163 Atl. Rep. 128; Bristol-Myers Co. v. L. Bamberger Co.,125 N.J. Eq. 306; 4 Atl. Rep. 2d 685; Barton v. Long, 45 N.J. Eq. 841,844; 14 Atl. Rep. 565; Hance v. Conover, 31 N.J. Eq. 505.
The economic changes wrought by the passage of time, plus hindsight, often make perceptible the substance of a grievance which in foresight appeared to be unreal.
The application to amend is accordingly denied.