## OLSEN, Respondent, v. STEELE, Appellant.

### (215 N. W. 531.)

(File No. 6000.   Opinion filed October 11, 1927.)

**Infants—Complaint Showing Statute as to Infant Appearing by General Guardian or by Guardian Appointed Not Complied With Held Demurrable (Rev. Code 1919, §§ 2310, 2348).**

Where complaint in an action for slander by an infant showed on its face that plaintiff did not appear either by general guardian of by guardian appointed by court in which action was prosecuted as required by Rev. Code 1919, § 2310, demurrer thereto should have been sustained in view of section 2348.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Infants, Key-No. 92, 31 C. J. Secs. 263, 267, 337.

For complete forms in the matter of guardians ad litem, see Bancroft's Code Pleading, Vol. 3, pg. 2531; for practice in actions by infants, see Bancroft's Code Practice and Remedies, Vol. 6, Sec. 4866.

Appeal from Circuit Court, Tripp County; HON. N. D. BURCH, Judge.

Action by Willa Olsen by Flora E. Olsen, her guardian ad litem and next of kin, against Miller Steele. From an order overruling a demurrer to the complaint and appointing the guardian ad litem, defendant appeals. Order reversed, with directions.

*W. J. Hooper,* of Gregory, for Appellant.

GATES, J.   This is an action for slander entitled "Willa Olsen, by Flora E. Olsen, Her Guardian Ad Litem and Next of Kin, Plaintiff." The first four paragraphs of the complaint are as follows:

"I. That the plaintiff, Willa Olsen, is a minor of the age of 15 years.

"II. That the above-named Flora E. Olsen is the mother of said plaintiff and her natural guardian. That the plaintiff makes her home with her said mother and her stepfather.

"III. That no legal guardian of said plaintiff has ever been appointed by any court of competent jurisdiction.

"IV. That this action is brought for and on behalf of said infant by her said guardian at the instance and request of said infant and with said infant's consent."

The defendant demurred to the complaint, among other grounds, upon the ground that it appeared from the face of the complaint that the plaintiff did not have legal capacity to sue. This is the second ground of demurrer authorized by section 2348, Rev. Code 1919. The trial court entered an order overruling the demurrer and in the same order appointed the said Flora E. Olsen as guardian ad litem of the infant plaintiff. From the whole of such order defendant appeals.

So far as here material, section 2310, Rev. Code 1919, reads as follows:

"When an infant is a party he must appear either by his general guardian or by a guardian appointed by the court in which the action is prosecuted. * * *"

This section was originally taken from New York and appeared as section 68 of Dak. C. C. P. 1867-68. As amended in California it was readopted in Dak. C. C. P. 1877, as section 78. Under section 115, Wait's N. Y. C. C. P. 1874, the notes are as follows and the cases cited confirm the text:

"An infant plaintiff must have a guardian appointed before he commences his action. If he fails to do so, the defendant may move to have the proceedings set aside for irregularity. Freyberg v. Pelerin, 24 How. Prac. (N. Y.) 202. See, also, Hoftailing v. Teal, 11 How. Prac. (N. Y.) 188; Hill v. Thacter, 2 Code Rep. 3, 3 How. Prac. (N. Y.) 407. But it is too late to move after an answer has been served. Parks v. Parks, 19 Abb. Prac. (N. Y.) 161, and the irregularity may be cured or waived."

See, also, 1 Wait's Prac. 109.

Inasmuch as it appeared upon the face of the complaint that section 2310, supra, had not been complied with, and inasmuch as defendant had challenged the defect in the manner authorized by law, the trial court should have sustained the demurrer upon the above ground.

The order appealed from is reversed, with directions to enter an order sustaining the demurrer to the complaint.

CAMPBELL, P. J., and SHERWOOD, J., concur.
POLLEY and BURCH, JJ., not sitting.