2003 SD 91

**Lanaya GOEDEN, Petitioner and Appellee,**

v.

**Dennis DAUM, Respondent and Appellant.**

No. 22709.

Supreme Court of South Dakota.

Considered on Briefs May 27, 2003.

Decided July 30, 2003.

William J. Klimisch of Goetz & Klimisch, Yankton, South Dakota, Attorneys for petitioner and appellee.

Michael D. Stevens of Blackburn & Stevens, Yankton, South Dakota, Attorneys for respondent and appellant.

MEIERHENRY, Justice.

[¶ 1.] Lanaya Goeden (Goeden) filed a petition and affidavit for a protection order against Dennis Daum (Daum) for stalking. The trial court entered an ex-parte temporary protection order. A hearing on the permanent protection order was held, and as a result of the hearing, the trial court entered a protection order against Daum for a period of three years. Daum appeals. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] At the permanent protection order hearing, the parties presented conflicting testimony to the court involving contact between the parties since their divorce. Goeden alleged that Daum was verbally and physically abusive during the marriage and that he continually contacted her after the divorce pressing her to work out their problems and to get remarried. Although Goeden eventually married someone else, Daum continued to contact her. Goeden claimed that Daum called her repeatedly at home and at work and was constantly leaving messages that normally ended in a threat. Eventually, Goeden disconnected her answering machine to prevent Daum from leaving messages. Goeden testified that Daum would let the phone ring forty to fifty times. She claimed his behavior forced her to buy a telephone with a security device that would disconnect after ten rings if the caller failed to enter a security code. In opposition to her claims, Daum denied letting the phone ring forty to fifty times and denied placing harassing phone calls. Daum asserted that he only called to talk about the children or issues regarding insurance or visitation. He said the only messages he left on her phone related to the children.

[¶ 3.] In addition to the harassing phone calls, Goeden alleged that Daum was following and spying on her. One occasion occurred when Goeden and Daum exchanged children for purposes of visitation at the visitation center in Yankton, SD. At the visitation center, the parents are not to have contact with each other and are required to enter and leave by different doors. During one of the exchanges, Goeden claimed that Daum parked his car in an alley to watch her as she exited the visitation center. On anoth-

er occasion, Goeden claimed that Daum was watching her at her place of employment. She had gone to the bank where she worked after 11:00 p.m. to pick up some files and saw Daum parked by the automated teller machine (ATM) outside the bank. Goeden claimed that the security log from the bank showed no ATM transaction during that time frame. Daum denied spying on Goeden from the ATM and denied sitting outside the visitation center. On another occasion, Goeden claimed that Daum followed her to her residence. Daum denied following her intentionally. He testified that both he and Goeden live a few blocks of each other and travel the same street to their respective houses. Daum said he may have inadvertently followed her on his way home or vice versa.

[¶ 4.] At the conclusion of the hearing, the trial court granted the protection order against Daum for a period of three years. Daum appeals the following issue:

1. **Whether the trial court abused its discretion in granting a protection order.**

## STANDARD OF REVIEW

[¶ 5.] The grant or denial of a protection order is reviewed under the same standard used to review the grant or denial of an injunction. *Marks v. Clark,* 2001 SD 122, ¶ 9, 635 N.W.2d 278, 280. We must first determine if the trial court's findings of fact were clearly erroneous. *Id.*

> In applying the clearly erroneous standard, our function is not to decide factual issues de novo. The question is not whether this court would have made the same findings that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed. This court is not free to disturb the lower court's findings unless it is satisfied that they are contrary to a clear preponderance of the evidence. Doubts about whether the evidence supports the court's findings of fact are to be resolved in favor of the successful party's 'version of the evidence and of all inferences fairly deducible therefrom which are favorable to the court's action.'

*Id.* (citations omitted). If the findings of fact are not clearly erroneous, this Court must then determine whether the trial court abused its discretion in granting or denying the protection order. *Id.*

## DECISION

[¶ 6.] The trial court concluded that stalking had occurred under SDCL 22–19A; however, the trial court failed to enter findings of fact in support of that conclusion. Daum claims that the trial court erred in entering a protection order because the evidence did not support a finding of stalking. The parties presented conflicting versions of the events, and the trial court as the fact finder had to judge whose version was credible. *State v. McGarrett,* 535 N.W.2d 765, 768 (S.D. 1995). "It is well-settled law that it is the trial court's duty to make required findings of fact, and the failure to do so constitutes reversible error." *Grode v. Grode,* 1996 SD 15, ¶ 29, 543 N.W.2d 795, 803 (citations omitted).

[¶ 7.] We cannot meaningfully review the trial court decision without the trial court's reasons for ruling the way it did. The standard of review requires that we first determine whether the findings of fact are clearly erroneous. *Marks,* 2001 SD 122 at ¶ 9, 635 N.W.2d at 280. Without findings of fact, there is no way to determine the basis for the trial court's conclusions that stalking had occurred or whether those findings were clearly erroneous. Secondly, we are to determine whether the trial court abused its discre-

tion in light of those findings in granting the protection order. "An abuse of discretion can simply be an error of law or it might denote a discretion exercised to an unjustified purpose, against reason and evidence." *Sjomeling v. Stuber*, 2000 SD 103, ¶ 11, 615 N.W.2d 613, 616.

[¶ 8.] The trial court's only pronouncement, at the conclusion of the testimony, was a general statement that he found stalking had occurred under SDCL 22–19A. He did not indicate which version of the evidence he believed. Nor did he indicate how the evidence met the statutory elements of stalking. The order of protection form used by the courts provides a section which the court completes. The order specifically provides a place for the court to check the stalking restraint. This portion of the order prohibits the respondent from doing one or both of the following:

☐ a) willfully, maliciously, and repeatedly following or harassing the Petitioner, or making any credible threat with the intent to place the Petitioner in reasonable fear of death or great bodily injury, SDCL 22–19A;

☐ b) committing any acts of physical injury as a result of an assault or a crime of violence, SDCL 22–1–2(9).

In completing the order of protection, the trial court did not check either provision. The court only restrained "the respondent [Daum] from coming within a distance 200 feet of the Petitioner [Goeden] personally and of the Petitioner's residence" and "work." The court also added, as other relief, that the order would not preclude Daum from driving by Goeden's home or using the ATM at the bank where she worked.

[¶ 9.] In making a decision, the trial court must set forth the basis for its conclusions with sufficient specificity to permit a meaningful review. We realize that the parties to a petition for a protection order regularly appear pro se and that trial judges frequently conduct protection order hearings in a manner designed to expedite a large volume of requests. The legislature's mandate requiring the court to set a hearing within 30 days of receiving the petition also forces scheduling burdens in many courts. SDCL 25–10–4. In order to accommodate the litigants, judges tend to relax procedural and evidentiary rules normally applied in other civil or divorce proceedings. The rules of civil procedure, however, should not be relaxed to the point of skipping a crucial element of a court trial involving contested facts. Unless waived, the judge must insure that findings of fact and conclusions of law are clearly entered.* This may be done orally on the record following the hearing, or with a written memorandum, or by filing formal findings of fact and conclusions of law, or by incorporating them into the protection order itself. In the present case, both parties were represented by attorneys and the court could have requested proposed findings from the attorneys.

[¶ 10.] We reverse and remand to allow the trial court to enter findings of fact and conclusions of law.

[¶ 11.] Based on the above holding, we need not address the other issues raised by Daum.

[¶ 12.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.

---

* "Findings of fact and conclusions of law are waived by failing to appear at the trial, by consent in writing filed with the clerk, by oral consent in open court, or by entering into a stipulation of facts for consideration by the court." SDCL 15–6–52(b).