#25351-rev & rem-JKM

**2010 SD 22**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LYN MARIE SHROYER,                    Petitioner and Appellee,

    v.

LANCE JAMES FANNING,                  Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE PETER H. LIEBERMAN
Judge

* * * *

CATHERINE V. PIERSOL
Piersol & Billion, LLP
Sioux Falls, South Dakota                 Attorneys for petitioner
                                     and appellee.

RICHARD A. ENGELS of                      Attorney for respondent
Sioux Falls, South Dakota                 and appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 16, 2010

OPINION FILED **03/03/10**

#25351

MEIERHENRY, Justice

[¶1.] Lyn Shroyer filed a petition for a protection order against Lance Fanning on behalf of O.S.F., Shroyer and Fanning's daughter. The petition alleged Fanning had sexually abused O.S.F. After hearing testimony and argument on the matter, the circuit court granted the protection order in favor of Shroyer and O.S.F. for a period of eighteen months. Fanning appeals.

## FACTS AND BACKGROUND

[¶2.] Fanning and Shroyer were romantically involved but never married. During their relationship, Fanning and Shroyer had a child, O.S.F., who was born in April 2005. Fanning and Shroyer ended their relationship in May 2006. The parties never entered into a formal custody or visitation agreement regarding O.S.F. Instead, Shroyer had primary custody and Fanning had liberal visitation. This arrangement lasted approximately four years.

[¶3.] Shroyer filed for a protection order against Fanning in June 2009 as a result of comments O.S.F. made to her. These comments included allegations that Fanning had inappropriate sexual contact with O.S.F. A hearing on the petition was held in July 2009. Both parties were represented by counsel at this hearing. An officer of the Sioux Falls Police Department, Shroyer, and Fanning testified at the hearing. Shroyer testified about statements O.S.F. made to her. Fanning objected, claiming that the statements were inadmissible hearsay. The circuit court overruled Fanning's objections, stating that it was "not going to require a four-year-old child to come in and testify in protection order court." Shroyer testified that O.S.F. told her that "[Fanning] had been tickling her potty" and that "her potty

-1-

hurt" as a result. Shroyer further testified that O.S.F. told her Fanning had "tickled" her "way up [her vagina] and way up [her] butt and he also used a sword." The police officer's testimony was limited because the investigation into the matter was still ongoing and had not yet been turned over to the State's Attorney's Office. Fanning testified and denied he had ever abused O.S.F.

[¶4.] At the conclusion of the hearing, the circuit court granted the protection order based on the "ongoing police investigation," the "ongoing child protection investigation," and because "it would only be prudent for the court to grant a protection order to allow this case to play out." The circuit court also orally declared that it found: that it had jurisdiction and venue; that Fanning and Shroyer were "family or household members" within the meaning of SDCL 25-10-1(2); that by a preponderance of the evidence it found that "domestic abuse" occurred; and, that Fanning had notice of the hearing and an opportunity to be heard. The circuit court also found "by a preponderance of the evidence that there [was] sufficient concern here that a protection order need[ed] to be granted." The circuit court completed the preprinted protection order form granting the protection order for eighteen months. The circuit court made no other findings, oral or written, to support the protection order.

## ISSUES

[¶5.] Fanning raises four issues on appeal:

1. Whether the circuit court erred in failing to make findings of fact.

2. Whether the circuit court's finding that domestic abuse took place is clearly erroneous.

3. Whether the circuit court abused its discretion in granting the protection order.

4. Whether the protections of SDCL ch. 19-16 and Fanning's due process rights were violated when the circuit court allowed hearsay testimony of statements allegedly made by the parties' daughter.

## STANDARD OF REVIEW

[¶6.]   The standard of review for the grant of a protection order has been previously established:

> The trial court's decision to grant or deny a protection order is reviewed under the same standard that is "used to review the grant or denial of an injunction." First, we determine whether "the trial court's findings of fact were clearly erroneous." We will not set aside the trial court's findings of fact unless, after reviewing all of the evidence, "we are left with a 'definite and firm conviction that a mistake has been made.'" Furthermore, "[t]he credibility of the witnesses, the import to be accorded their testimony, and the weight of the evidence must be determined by the trial court, and we give due regard to the trial court's opportunity to observe the witnesses and examine the evidence." If the trial court's findings of fact are not clearly erroneous, we "must then determine whether the trial court abused its discretion in granting or denying the protection order."

White v. Bain, 2008 SD 52, ¶8, 752 NW2d 203, 206 (quoting Schaefer v. Liechti, 2006 SD 19, ¶8, 711 NW2d 257, 260) (citations omitted).

## ANALYSIS

*The Absence of Findings of Fact*

[¶7.]   Fanning argues the circuit court erred by not entering findings of fact to support its conclusion that a protection order was authorized by SDCL 25-10-5.[1]

---

1.   SDCL 25-10-5 provides:

(continued . . .)

#25351

We have previously stated that "[i]t is well-settled law that it is the trial court's duty to make required findings of fact, and the failure to do so constitutes reversible error."  Grode v. Grode, 1996 SD 15, ¶29, 543 NW2d 795, 803 (citations omitted).  Failing to enter findings of fact is reversible error because

> [w]e cannot meaningfully review the trial court decision without the trial court's reasons for ruling the way it did.  The standard of review requires that we first determine whether the findings of fact are clearly erroneous.  Without findings of fact, there is no way to determine the basis for the trial court's conclusions that [the protection order should have been granted] or whether

_____

(. . . continued)

> Upon notice and a hearing, if the court finds by a preponderance of the evidence that domestic abuse has taken place, the court may provide relief as follows:
>
> (1)  Restrain any party from committing acts of domestic abuse;
> (2)  Exclude the abusing party from the dwelling which the parties share or from the residence of the petitioner;
> (3)  Award temporary custody or establish temporary visitation with regards to minor children of the parties;
> (4)  Establish temporary support for minor children of the parties or a spouse;
> (5)  Order that the abusing party obtain counseling;
> (6)  Order other relief as the court deems necessary for the protection of a family or household member, including orders or directives to a sheriff or constable.
>
> Any relief granted by the order for protection shall be for a fixed period and may not exceed five years.
>
> If any minor child resides with either party, the court shall order that the abusing party receive instruction on parenting approved or provided by the Department of Social Services as part of any relief granted.

Domestic abuse is defined, in relevant part, as "physical harm, bodily injury, or attempts to cause physical harm or bodily injury, or the infliction of fear of imminent physical harm or bodily injury between family or household members."  SDCL 25-10-1(1).

those findings were clearly erroneous. Secondly, we are to determine whether the trial court abused its discretion in light of those findings in granting the protection order.

Goeden v. Daum, 2003 SD 91, ¶7, 668 NW2d 108, 110-11 (citations omitted).

[¶8.] Although the circuit court generally recited that the elements of a protection order had been shown, *i.e.*, jurisdiction, venue, status as a family or household member, and proper notice and opportunity to be heard, the circuit court merely concluded that domestic abuse had occurred. No findings, oral or written, support that conclusion.[2] Mere concern about an ongoing and inconclusive police investigation does not support a finding of abuse. The circuit court's general statements did not "indicate which version of the evidence [it] believed" or "indicate how the evidence met the statutory elements of [domestic abuse]" to permit the issuance of the protection order. *Goeden*, 2003 SD 91, ¶8, 668 NW2d at 111.[3] *See*

---

2. Furthermore, Shroyer's argument that "Fanning did not properly preserve this issue for appeal" is misplaced. Shroyer relies on *People ex rel. D.A.J.* for the proposition that the failure to propose findings of fact to the circuit court constitutes waiver of the issue on appeal. 2008 SD 92, 757 NW2d 70. That case, however, is distinguishable because the circuit court had entered findings of fact, just not findings specific to a particular argument by the petitioner that had not otherwise been addressed. In contrast, the circuit court here did not enter any findings of fact to support its conclusions. Our treatment of this issue is consistent with SDCL 15-6-52(a) (stating the procedure for entering findings of fact).

3. In *Goeden*, we stated,

In making a decision, the trial court must set forth the basis for its conclusions with sufficient specificity to permit a meaningful review. We realize that the parties to a petition for a protection order regularly appear pro se and that trial judges frequently conduct protection order hearings in a manner designed to expedite a large volume of requests. The legislature's mandate requiring the court to set a hearing within 30 days of receiving

(continued . . .)

Judstra v. Donelan, 2006 SD 32, 712 NW2d 866 (holding that the circuit court's failure to enter findings of fact in a protection order case stating which version of the evidence was believed constituted reversible error). Therefore, in this case, the circuit court erred by not entering findings of fact and conclusions of law that would have permitted a "meaningful review" of whether the protection order was appropriately granted. *Goeden*, 2003 SD 91, ¶8, 668 NW2d at 111.[4]

*Admission of Hearsay*

[¶9.]    The basis of the abuse allegations came from the hearsay statements of the four-year-old child to her mother. Fanning claims the circuit court did not take into consideration the requirements of SDCL 19-16-39 in admitting the child's

---

(. . . continued)

> the petition also forces scheduling burdens in many courts. SDCL 25-10-4. In order to accommodate the litigants, judges tend to relax procedural and evidentiary rules normally applied in other civil or divorce proceedings. The rules of civil procedure, however, should not be relaxed to the point of skipping a crucial element of a court trial involving contested facts. Unless waived, the judge must [e]nsure that findings of fact and conclusions of law are clearly entered. This may be done orally on the record following the hearing, or with a written memorandum, or by filing formal findings of fact and conclusions of law, or by incorporating them into the protection order itself. In the present case, both parties were represented by attorneys and the court could have requested proposed findings from the attorneys.

2003 SD 91, ¶9, 668 NW2d at 111. The same was true in this case.

4.    Our resolution of this issue controls our review of Issues II and III. Until findings of fact and conclusions of law are entered by the circuit court, there cannot be a meaningful review of whether the circuit court's conclusion that domestic abuse took place is clearly erroneous or whether the circuit court abused its discretion in granting the protection order for both Shroyer and O.S.F.

hearsay statements. We agree that the circuit court failed to determine whether

"sufficient indicia of reliability" existed for the child's hearsay statements to be

admitted or whether the other requirements of SDCL 19-16-39, including advance

notice to the opposing party, were met.

[¶10.]     SDCL 19-16-39 provides:

> An out-of-court statement not otherwise admissible by statute or rule of evidence is admissible in evidence in any civil proceeding alleging child abuse or neglect or any proceeding for termination of parental rights if:
> (1)     The statement was made by a child under the age of ten years or by a child ten years of age or older who is developmentally disabled, as defined in § 27-1-3; and
> (2)     The statement alleges, explains, denies, or describes:
>     (a)     Any act of sexual penetration or contact performed with or on the child; or
>     (b)     Any act of sexual penetration or contact with or on another child observed by the child making the statement;
>     (c)     Any act of physical abuse or neglect of the child by another; or
>     (d)     Any act of physical abuse or neglect of another child observed by the child making the statement; and
> (3)     The court finds that the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide sufficient indicia of reliability; and
> (4)     The proponent of the statement notifies other parties of an intent to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence, to provide the parties with a fair opportunity to meet the statement.
> For purposes of this section, an out-of-court statement includes a video, audio, or other recorded statement.

*Id.* Fanning contends that subparts (3) and (4) were not met in this case.

[¶11.]     The circuit court made no findings in regard to SDCL 19-16-39 that

would have supported its decision to allow O.S.F.'s hearsay statements into

evidence. Specifically, the circuit court failed to determine whether "the time, content, and circumstances of the statement and the reliability of [Shroyer] provide[d] sufficient indicia of reliability" for the statements to be admitted. SDCL 19-16-39(3). *See In re* J.B., 2008 SD 80, ¶9, 755 NW2d 496, 499. The circuit court also failed to make a determination on whether Fanning had received notice of Shroyer's intent to offer O.S.F.'s hearsay statements as required by SDCL 19-16-39(4). Because the record demonstrates that the hearsay statements were prejudicial to Fanning, the circuit court's admission of such statements is reversible error. *Cf.* State v. Shepard, 2009 SD 50, ¶16, 768 NW2d 162, 167 (stating evidence that is cumulative only is nonprejudicial). Because the circuit court erroneously admitted O.S.F.'s hearsay statements, which were the basis of the abuse allegations, and did not otherwise make sufficient findings to support a protection order, the circuit court is reversed and the matter is remanded for a new hearing.

[¶12.]     Reversed and remanded.

[¶13.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.