#25873-r-PER CURIAM

**2011 S.D. 73**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LACEY JO MARCH,                                    Petitioner,

   v.

ROGER THURSBY,                                    Respondent and Appellant.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE THOMAS L. TRIMBLE
Judge

\* \* \* \*

LACEY JO MARCH
Hot Springs, South Dakota                          Pro se petitioner.

JOHN S. RUSCH of
Rensch Law Office                                  Attorneys for respondent
Rapid City, South Dakota                           and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 22, 2011

OPINION FILED **11/09/2011**

#25873

PER CURIAM

[¶1.]        Lacy Jo March (March) filed a Petition and Affidavit for Protection

Order on November 18, 2010, seeking a protection order against Roger Thursby

(Thursby).  The circuit court granted March the protection order.  Thursby appeals,

alleging that the findings of fact are insufficient to support the order as signed.

Because the findings of fact do not support the protection order the circuit court is

reversed.

*Facts*

[¶2.]        A hearing on March's petition for protection order was held on

December 17, 2010.  March testified as to the reason she sought the protection

order.  She testified that in July, 2009, while she was 16 years old, she visited her

cousin, Evelyn Hohn (Hohn), in Illinois.  Hohn lived with Thursby.  March testified

that while her cousin was at a rodeo, she helped Thursby around the house with the

chores.  The evening of July 19, March had been resting on the couch.  When

Thursby came home from work, he sat down on the couch, and attempted to engage

March in inappropriate sexual contact.

[¶3.]        After being questioned by the circuit court, March, who appeared *pro*

*se*, indicated that she was fearful for her safety during and after the evening of July

19.  She testified that Thursby was residing in Illinois, but that he had visited her

ranch in South Dakota and was aware of her location.

[¶4.]        Thursby told an entirely different story.  He said that the night in

question, after returning from work, he caught March drinking a beer.  He told her

to dump out the beer and go to sleep. He also told her he would tell Hohn when she returned.

[¶5.] At the hearing Judge Trimble orally indicated that he found March's testimony credible and granted her a protection order for two years. After Judge Trimble rotated off the Fall River County bench, Thursby, through counsel, filed a motion seeking detailed findings of fact and conclusions of law. Judge Kern conducted a hearing and determined that she could not change the findings and conclusions of another circuit court judge.

*Standard of Review*

[¶6.] Thursby raises four issues on appeal. March did not file an appellee's brief.

> The standard of review for the grant of a protection order has been previously established: The trial court's decision to grant or deny a protection order is reviewed under the same standard that is used to review the grant or denial of an injunction. First, we determine whether the trial court's findings of fact were clearly erroneous. We will not set aside the trial court's findings of fact unless, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been made.

*Shroyer v. Fanning*, 2010 S.D. 22, ¶ 6, 780 N.W.2d 467, 469 (internal quotations and citations omitted).

*Analysis*

[¶7.] **Whether the Order for Protection was voidable by Thursby because March was a minor when she signed the Petition and prosecuted the action.**

[¶8.] March, who was 17 at the time, commenced her action under SDCL chapter 22-19A. This chapter allows a protection order to be entered to prevent,

among other things, stalking. SDCL 22-19A-8.[1] At the evidentiary hearing on this matter, March testified that she perceived Thursby's actions as a credible threat of great bodily injury. (This came in the form of a response to a question from the circuit court.)

[¶9.] In a similar context, this Court has held that protection of a minor overrides procedural irregularities. *See Beermann v. Beermann*, 1997 S.D. 11, 559 N.W.2d 868. In *Beermann*, a minor sought a domestic violence protection order against her father. *Id.* ¶ 1. The trial court determined the petitioner "could not proceed under the domestic abuse statutes because of her minority." *Id.* ¶ 8. Like Thursby, the trial court in *Beermann* relied upon the rules of civil procedure, especially SDCL 15-6-17(c).[2] This Court commented on SDCL 15-6-17(c) as follows: "The necessity of a guardian ad litem, a guardian, or a conservator is not, according to this statute, a jurisdictional bar; it is simply a procedural prerequisite that the court [must] analyze [when determining] what is 'proper for the protection of the

---

1.  Stalking can occur by "mak[ing] a credible threat to another person with the intent to place that person in reasonable fear of death or great bodily injury." SDCL 22-19A-1(2).

2.  This section provides in relevant part:

    > Whenever a minor or incompetent person has a guardian or conservator, such guardian or conservator may sue or defend on behalf of the minor or incompetent person. If the minor or incompetent person does not have a guardian or conservator, he may sue by a guardian ad litem. The court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor or incompetent person and may make such appointment notwithstanding an appearance by a guardian or conservator.

minor' and then either appoint one or make other necessary arrangements." *Id.* (citations omitted). After determining that appointment of a guardian is a procedural, rather than a jurisdictional requirement, this Court determined that the trial court was not obligated to appoint a guardian. "Therefore, in these circumstances, the trial court could have concluded no guardian was necessary or appointed one, if deemed necessary. We are not convinced that the need for a guardian at the petition stage outweighs the need for immediate court protection." *Id.* ¶ 10.

[¶10.] March did not seek a protection order under the domestic violence statutes. Rather, she sought a protection order under the stalking statutes. This does not make her protection any less important. March's protection outweighs the "procedural irregularity" that occurred when March signed the petition while a minor.

[¶11.] A close examination of the authority cited by Thursby requires the same result. Thursby relies on the following language: "An infant plaintiff must have a guardian appointed before [s]he commences [her] action. If [s]he fails to do so, the defendant may move to have the proceedings set aside for irregularity." *Fink v. Fink*, 70 S.D. 366, 369, 17 N.W.2d 717, 718 (1945) (internal quotation marks omitted). But Thursby acknowledges that this language originally came from this Court in *Olsen v. Steele.* 51 S.D. 505, 215 N.W. 531 (1927). The *Olsen* Court followed the language quoted by Thursby with the following: "But it is too late to move after an answer has been served and the irregularity may be cured or waived." *Id.* (citation omitted). Thursby did not challenge March's ability to sign

the petition until after he appeared and challenged the allegations contained in the petition on their merits. By this time, it was too late. *See id.* March's capacity to sign the petition in her own right is a procedural irregularity that Thursby waived by not objecting before answering the allegations on the merits.

[¶12.] **Whether the circuit court had personal jurisdiction over Thursby and subject matter jurisdiction over the allegations in March's petition.**

[¶13.] Thursby argues that the circuit court lacked personal jurisdiction to enter a protection order against him, a resident of Illinois. Jurisdictional issues are questions of law reviewable de novo. *Grajczyk v. Tasca*, 2006 S.D. 55, ¶ 8, 717 N.W.2d 624, 627. "A person may waive a lack of personal jurisdiction by submitting to the jurisdiction of the court and pleading on the merits." *Met Life Auto and Home Ins. Co. v. Lester,* 2006 S.D. 62, ¶ 11, 719 N.W.2d 385, 387 (citations omitted).

[¶14.] Thursby's counsel moved to supplement the appellate record with an affidavit. This Court granted that motion. In counsel's affidavit he asserts that, prior to the hearing on the protection order, he "informed the Court that Respondent Thursby was challenging jurisdiction of the South Dakota courts over him[.]" Our rules of civil procedure provide very clear guidance on this issue. Consider SDCL 15-6-12(h)(1).

> A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in § 15-6-12(g), or (B) if it is neither made by motion under § 15-6-12 nor included in a responsive pleading or an amendment thereof permitted by § 15-6-15(a) to be made as a matter of course.

Thursby neither made a motion pursuant to SDCL 15-6-12, nor did he include his challenge to personal jurisdiction in a responsive pleading. Other than counsel's affidavit, the record contains no indication that Thursby contested the issue of personal jurisdiction. Pursuant to SDCL 15-6-12(h), a party cannot preserve a challenge to personal jurisdiction by "informing" the judge that the issue will be contested. Thursby has waived this issue.

[¶15.] Thursby next argues that the circuit court did not have subject matter jurisdiction to enter the protection order. Thursby contends that, because the incident that March alleges placed her in fear of great bodily harm occurred in Illinois, the South Dakota circuit court lacks subject matter jurisdiction over the protection order.

> [S]ubject matter jurisdiction is only dependent upon the nature of the proceeding and the relief sought. Subject matter jurisdiction is: "a court's competence to hear and determine cases of the general class to which proceedings in question belong; the power to deal with the general subject involved in the action . . . deals with the court's competence to hear a particular category of cases." Thus, subject matter jurisdiction is not determined by technical pleading requirements but by "'[t]he subject, or matter presented for consideration; the thing in dispute; the right which one party claims as against the other, as the right to divorce; . . . [the n]ature of cause of action, and of relief sought . . . .'"

*Sazama v. State ex rel. Muilenberg,* 2007 S.D. 17, ¶ 14, 729 N.W.2d 335, 341-42 (internal citations omitted).

[¶16.] Circuit courts are courts of general jurisdiction, endowed by the constitution with "general jurisdiction to hear all civil actions." *Christians v.*

*Christians*, 2001 S.D. 142, ¶ 45, 637 N.W.2d 337, 386 (Konenkamp, J., concurring specially) (citing S.D. Const. art. V, § 1).

[¶17.] In addition to constitutional authority to hear "all civil actions" South Dakota circuit courts have the statutory ability to hear cases requesting protection orders. "A petition for relief under § 22-19A-8 to 22-19A-16, inclusive, may be filed in circuit court or in a magistrate court with a magistrate judge presiding." SDCL 22-19A-9. March resides in South Dakota. The protection order protects March. A protection order operates to prohibit future conduct. *See Sjomeling v. Stuber*, 2000 S.D. 103, ¶ 11, 615 N.W.2d 613, 616. "When a court issues a protection order, it puts the would-be abuser on notice that his or her actions will be scrutinized." *Beermann*, 1997 S.D. 11, ¶ 14, 559 N.W.2d at 872. The circuit court had subject matter jurisdiction to hear March's petition.

[¶18.] **Whether the Order for Protection was supported by proper findings and conclusions.**

[¶19.] Thursby argues that the protection order was not supported by comprehensive findings and conclusions. At the original hearing, the circuit court orally indicated that it believed March's version of the events and would grant the protection order. The court made no further oral pronouncements. The actual protection order was a pre-printed form containing boxes to be checked for factual findings. The court checked the box stating "that the Petitioner has suffered physical injury resulting from an assault or crime of violence, as defined by SDCL 22-1-2(9)." The testimony elicited at trial concerned stalking, as that term is defined in SDCL 22-19A-1. That box was not checked. The order also prohibited

Thursby from contacting March's sisters. No mention of the sisters was made during the hearing.

[¶20.] "It is well-settled law that it is the trial court's duty to make required findings of fact, and the failure to do so constitutes reversible error." *Shroyer,* 2010 S.D. 22, ¶ 7, 780 N.W.2d at 470 (citation omitted). In *Shroyer*, this Court reversed entry of a domestic violence protection order because "the circuit court merely concluded that domestic abuse had occurred. No findings, oral or written, support that conclusion." *Id.* ¶ 8. This Court noted that "[t]he circuit court's general statements did not 'indicate which version of the evidence [it] believed' or 'indicate how the evidence met the statutory elements of [domestic abuse].'" *Id.* (citing *Goeden v. Daum*, 2003 S.D. 91, ¶ 8, 668 N.W.2d 108, 111). Here, the circuit court indicated that it believed March's version of the events. But the written finding did not correspond with the oral testimony of March. Findings must be entered "with sufficient specificity to permit meaningful review." *Goeden*, 2003 S.D. 91, ¶ 9, 668 N.W.2d at 111. Although the court indicated it believed March's version of the events, it did not "indicate how the evidence met the statutory elements of stalking." *Id.* ¶ 8. The circuit court failed to "insure that the findings of fact and conclusions of law are clearly entered." *Id.* ¶ 9. This failure requires reversal. *See id.*

[¶21.] Because the protection order is reversed due to the insufficiency of the findings of fact, this Court need not reach Thursby's remaining issue.

*Conclusion*

[¶22.] Because the circuit court's finding of fact was insufficient the order for protection is reversed.

[¶23.] Reversed.

[¶24.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, participating.