#27148-rev & rem-LSW

**2015 S.D. 53**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

| | |
|---|---|
| MICHELLE ELIZABETH REPP, | Petitioner and Appellee, |
| v. | |
| BENJAMIN JACOB VAN SOMEREN, | Respondent and Appellant. |

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN L. BROWN
Judge

* * * *

| | |
|---|---|
| BEVERLY J. KATZ of<br>Katz Law Office, Prof., LLC<br>Huron, South Dakota | Attorneys for petitioner<br>and appellee. |
| CHRISTINA L. KLINGER of<br>May, Adam, Gerdes & Thompson, LLP<br>Pierre, South Dakota | Attorneys for respondent<br>and appellant. |

* * * *

CONSIDERED ON BRIEFS
ON MARCH 23, 2015

OPINION FILED **06/24/15**

#27148

WILBUR, Justice

[¶1.]      Michelle Repp filed for a protection order against her former boyfriend Benjamin Van Someren.  The circuit court granted Repp the protection order for a period of five years on the basis of stalking.  Van Someren appeals and argues that the findings of fact do not support the court order.  We reverse and remand for findings of fact and conclusions of law.

## Background

[¶2.]      On May 5, 2014, Repp filed a petition and affidavit for a stalking protection order.  Repp checked boxes on the petition alleging Van Someren: (1) "Willfully, maliciously, and repeatedly followed me;" or (2) "Harassed me by pursuing a knowing and willful course of conduct which seriously alarms, annoys or harasses me with no legitimate purpose.  The pattern of conduct is a series of acts over a period of time, however short, showing a continuing pattern of harassment." On the petition, Repp described her dysfunctional relationship with Van Someren and the alleged reasons that necessitated a protection order.  The circuit court issued a temporary protection order against Van Someren and set a hearing for a permanent protection order on July 2, 2014.  Around this time, Van Someren found employment in Saint Peters—a suburb of St. Louis, Missouri—and planned to move on July 5, 2014.

[¶3.]      Repp and Van Someren offered conflicting testimony at the permanent protection order hearing on July 2, 2014.  Therefore, we restate the facts in this case "in a light most favorable to the circuit court's" decision.  *Donat v. Johnson*, 2015 S.D. 16, ¶ 2, 862 N.W.2d 122, 125.  Repp testified that she and Van Someren began

-1-

dating on August 24, 2012, and that the two of them had eight to ten breakups over the following two years. The final breakup occurred on May 1, 2014. Repp testified that she had increasing concerns for her safety during their unstable relationship. She testified that she continued to date him despite the many breakups because she "was constantly trusting him" and that she "was scared half to death of him, but he made [her] believe that it was all [her] fault and so [she] was constantly trying to change [her]self."

[¶4.]       At the hearing, Repp testified about specific incidents during her unstable relationship with Van Someren that compelled her to file for a protection order against Van Someren. The first instance of stalking, Repp testified, occurred in May of 2013, when Van Someren entered her apartment unannounced while she was sleeping. He admitted this to her a week later. On two separate occasions, Van Someren stood outside of her open apartment window and listened to her. At some point she learned that he had retrieved passwords to several of her Internet accounts without her consent. A few months later, in July of 2013, Van Someren entered into her apartment through a locked door by unhinging the door. After this incident, Repp moved to a more secure apartment. She did not tell Van Someren about her new apartment. Eventually, she returned to her former apartment complex to return the key. As she walked down a set of stairs to get to that apartment, Van Someren jumped out from behind the stairwell and demanded that she give him a key. She told him she no longer lived at that apartment and attempted to close the front door. He put "his foot in the door" to prevent it from closing. She testified that "fight or flight kick[ed] in" and she ran out the back door

of the apartment. Later, Van Someren discovered the address to Repp's new apartment by sending a letter to her former address with "return requested" marked on the envelope. Repp and Van Someren eventually resumed their relationship after she moved to her new apartment. At the new apartment, Van Someren dragged her off a couch causing her to hit her head on the coffee table. On a separate, but similar occasion, he dragged her off the couch causing her to hit her leg on the coffee table. After both incidents, he made her sit in the corner of her closet and count to an unspecified number. Van Someren disputed Repp's recitation of the incidents described above.

[¶5.] On May 1, 2014, Repp ended her relationship with Van Someren for the final time. Repp drove to Van Someren's apartment and told him that she no longer wanted a relationship with him. She instructed him to never contact her again. That same night, Van Someren sent her two text messages and one email. The first text message said, "I'm sorry. I love you." The second text message said, "I just want you to be happy. Please let me know when you are happy." Approximately one hour after sending the second text message, Van Someren sent an email asking Repp to let him know when she finds happiness again.

[¶6.] Four days later, Repp sought a protection order against Van Someren. She testified that her relationship with him was "not normal behavior" and that she "shouldn't have to live in fear[.]" Repp was afraid that without a protection order Van Someren would keep "contacting" and "harassing" her. She further testified that she wanted the protection order to show up on any background check of Van Someren. In a statement against interest on May 15, 2014, Repp stated,

I need [the protection order] to appear on his background checks. For jobs, apartment, life, everything, other girls. He made bad decisions and he must live with them. Final. It must show up on his background check. If it doesn't, then we are going to court. I need it so that if some random person out there investigates into [Van Someren], they will know that [he] had this order placed against him. I do not want him to hurt anyone else.

Counsel for Van Someren argued that this statement is evidence of the fact that Repp wanted the protection order to "punish [Van Someren]," to "cause problems in his life," and to "protect others."

[¶7.] At the close of the hearing, the circuit court granted the protection order. That same day, the court entered a written permanent protection order prohibiting Van Someren from coming within a distance of 100 yards of Repp for a period of five years. Van Someren appeals the court order and raises the following issues for our review:

1. Whether the circuit court's findings of fact were clearly erroneous.

2. Whether the circuit court abused its discretion in entering a protection order.

3. Whether the circuit court abused its discretion in rejecting offered evidence.

**Standard of Review**

[¶8.] The standard of review for the grant of a protection order is well established:

First, we determine whether the trial court's findings of fact were clearly erroneous. We will not set aside the trial court's findings of fact unless, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been made. Furthermore, the credibility of the witnesses, the import to be accorded their testimony, and the weight of the evidence

must be determined by the trial court, and we give due regard to the trial court's opportunity to observe the witnesses and examine the evidence. If the trial court's findings of fact are not clearly erroneous, we must then determine whether the trial court abused its discretion in granting or denying the protection order.

*Shroyer v. Fanning*, 2010 S.D. 22, ¶ 6, 780 N.W.2d 467, 469 (quoting *White v. Bain*, 2008 S.D. 52, ¶ 8, 752 N.W.2d 203, 206) (internal quotation marks omitted).

## Analysis

### *Findings of Fact*

[¶9.] The circuit court concluded that Van Someren committed stalking under SDCL 22-19A-1.[1] At the close of evidence, the circuit court rendered oral findings of fact and conclusions of law:

> **The court**: Well, it's clear that these folks had a dysfunctional relationship over the course of two years. It's hard for me to understand why either of them continued to stay in the relationship as long as they did. And while it may be that [Van Someren] is leaving the area and removing himself from a situation where he might be involved with perhaps an inadvertent contact, I think the escalating nature of the relationship itself and the controlling nature -- and I understand and certainly agree that there's some fault on both sides as relates to the relationship. But I think that [Repp] has met her burden by a preponderance of the evidence that stalking has occurred here. There was an accelerating level of control being exhibited by [Van Someren] here. The fact that he's moving on, moving away from here, although it should provide some

---

1. This case involves stalking under subsections (1) or (3) of SDCL 22-19A-1:

   No person may:

   > (1) Willfully, maliciously, and repeatedly follow or harass another person;
   >
   > . . .
   >
   > (3) Willfully, maliciously, and repeatedly harass another person by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication.

> comfort as far as a likelihood of future contact, doesn't negate the need for a protection order and I'm going to grant it.

The court directed Repp to prepare written findings of fact: "I think in this case, Ms. Katz [(Repp's counsel)], findings of fact would be appropriate if you would prepare such." Repp prepared findings of fact and conclusions of law, but submitted them to the court eight days late and after Van Someren had filed his notice of appeal. Consequently, the court's oral findings of fact and conclusions of law control. *See* SDCL 15-6-52(a) ("It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence . . . .").

[¶10.] "It is well-settled law that it is the trial court's duty to make required findings of fact, and the failure to do so constitutes reversible error." *March v. Thursby*, 2011 S.D. 73, ¶ 20, 806 N.W.2d 239, 244 (quoting *Shroyer*, 2010 S.D. 22, ¶ 7, 780 N.W.2d at 470). "Findings must be entered 'with sufficient specificity to permit meaningful review.'" *Id.* (quoting *Goeden v. Daum*, 2003 S.D. 91, ¶ 9, 668 N.W.2d 108, 111). "We cannot meaningfully review the trial court decision without the trial court's reasons for ruling the way it did." *Goeden*, 2003 S.D. 91, ¶ 7, 668 N.W.2d at 110. Therefore, "[c]ircuit courts 'must ensure that findings of fact and conclusions of law are clearly entered.'" *Donat*, 2015 S.D. 16, ¶ 14 n.4, 862 N.W.2d at 128 n.4 (quoting *Goeden*, 2003 S.D. 91, ¶ 9, 668 N.W.2d at 111).

[¶11.] Because Repp failed to timely submit written findings of fact, we are left with the circuit court's oral findings of fact and conclusions of law from the July 2, 2014 hearing. The court's oral findings of fact are insufficient to permit a meaningful review of the court decision. *See March*, 2011 S.D. 73, ¶ 20, 806 N.W.2d at 244. The findings of fact do not indicate which version of the evidence the court

believed. *See Goeden*, 2003 S.D. 91, ¶ 6, 668 N.W.2d at 110 ("The parties presented conflicting versions of the events, and the trial court as the fact finder had to judge whose version was credible."). Nor do the oral findings indicate how the evidence met the statutory elements of stalking under SDCL 22-19A-1. There is conflicting evidence in the record as to whether stalking occurred under SDCL 22-19A-1. Repp needed to show that Van Someren either "[w]illfully, maliciously, and repeatedly follow[ed] or harass[ed]" her or "[w]illfully, maliciously, and repeatedly harass[ed] [her] by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication." SDCL 22-19A-1(1); SDCL 22-19A-1(3). "[I]t is the function of the trier of fact to 'resolve the factual conflicts, weigh credibility, and sort out the truth.'" *LeGrand v. Weber*, 2014 S.D. 71, ¶ 36, 855 N.W.2d 121, 131. Without resolving the numerous factual conflicts in this case or weighing the credibility of Repp and Van Someren's testimony, it is not apparent how the evidence meets either definition of stalking. The court's oral finding that Van Someren exhibited "an accelerating level of control" is not enough to demonstrate that stalking occurred. *See* SDCL 22-19A-1.

[¶12.] We have, on some occasions, remanded protection order cases to allow the trial court to enter the missing findings of fact and conclusions of law. *See Shroyer*, 2010 S.D. 22, ¶ 11, 780 N.W.2d at 472 (reversing and remanding for failure to enter findings of fact to support protection order); *Judstra v. Donelan*, 2006 S.D. 32, ¶ 9, 712 N.W.2d 866, 869 (reversing and remanding for failure to enter findings of fact to support protection order); *Goeden*, 2003 S.D. 91, ¶ 10, 668 N.W.2d at 112 (reversing and remanding "to allow the trial court to enter findings of fact and

conclusions of law"). Although we have not remanded in two cases, *see March*, 2011 S.D. 73, ¶ 23, 806 N.W.2d at 244; *Castano v. Ishol*, 2012 S.D. 85, ¶ 18, 824 N.W.2d 116, 121, we did so without explanation. Here, remand is warranted because Van Someren specifically requested that this Court remand the case, and, further, because the circuit court acknowledged that written findings of fact and conclusions of law were required. The court should be permitted to complete the task it was trying to accomplish. Because this is a close case, we should facilitate, rather than avoid sorting out the truth. In order to facilitate a meaningful review of the circuit court's decision, the court should be permitted to enter findings of fact and conclusions of law as it originally intended.

[¶13.] Because of our decision to remand this case for findings of fact and conclusions of law, we need not reach Van Someren's arguments that the circuit court's oral findings of fact were clearly erroneous and that the circuit court abused its discretion in granting the protection order. Given the absence of adequate findings and conclusions, "much guess-work would be involved in any attempt to review" those two arguments. *See Judstra*, 2006 S.D. 32, ¶ 8, 712 N.W.2d at 868.

### *Relevance*

[¶14.] Van Someren argues that the circuit court erred when it determined that certain evidence was not relevant. Van Someren sought to admit all of the text message communications that occurred between himself and Repp over a period of approximately one and a half years. The text messages were printed and placed in a binder. The court took "notice that the binder itself is approximately two inches or maybe even up to three inches thick." Van Someren argued that the evidence

was relevant because "the parties did communicate extensively over text message and this text message [binder] does document their relationship and the communications they had between each other. And I just proffer to the [c]ourt that it does provide a good diagram of the relationship as a whole." Repp objected to the exhibit as being voluminous and not relevant. The court determined that the exhibit was not relevant: "I don't know that it's been shown that the entire exhibit has relevance here other than as to a volume of communication so I'm going to refuse the exhibit."

[¶15.] "The [circuit] court has broad discretion in admitting evidence." *Grode v. Grode*, 1996 S.D. 15, ¶ 16, 543 N.W.2d 795, 801. "[A] circuit court's evidentiary rulings are presumed correct and will not be reversed unless there is a clear abuse of discretion." *State v. Berget*, 2014 S.D. 61, ¶ 13, 853 N.W.2d 45, 51-52 (quoting *Wilcox v. Vermeulen*, 2010 S.D. 29, ¶ 7, 781 N.W.2d 464, 467). "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *AgFirst Farmers Coop. v. Diamond C Dairy, LLC*, 2013 S.D. 19, ¶ 23, 827 N.W.2d 843, 849 (quoting *Johnson v. Miller*, 2012 S.D. 61, ¶ 7, 818 N.W.2d 804, 806). The abuse of discretion standard is a "two-step process[.]" *Supreme Pork, Inc. v. Master Blaster, Inc.*, 2009 S.D. 20, ¶ 59, 764 N.W.2d 474, 491. "Evidentiary rulings are only reversible 'when error is demonstrated *and* shown to be prejudicial error.'" *Ruschenberg v. Eliason*, 2014 S.D. 42, ¶ 23, 850 N.W.2d 810, 817 (quoting *Supreme Pork*, 2009 S.D. 20, ¶ 59, 764 N.W.2d at 491).

[¶16.] Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19-12-1 (Rule 401). "All relevant evidence is admissible. . . . Evidence which is not relevant is not admissible." SDCL 19-12-2 (Rule 402). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." SDCL 19-12-3 (Rule 403).

[¶17.] Van Someren argues that the text message communications were relevant because they highlight "a pattern, a course of conduct, over the last two years wherein they would break up, continue to communicate and then get back together." We need not determine whether this evidence was relevant, however, because Van Someren advances no argument nor cites any authority supporting the notion that he was prejudiced by the exclusion of the evidence. *See Supreme Pork*, 2009 S.D. 20, ¶ 59, 764 N.W.2d at 491 (requiring prejudicial error in addition to an abuse of discretion). The failure to assert prejudicial error is fatal to Van Someren's argument that the circuit court abused its discretion. *See People ex rel. M.S.*, 2014 S.D. 17, ¶ 17 n.4, 845 N.W.2d 365, 371 n.4 (stating "that failure to argue a point waives it on appeal" unless the issue is a "pure question of law") (quoting *In re Estate of Smid*, 2008 S.D. 82, ¶ 43 n.15, 756 N.W.2d 1, 15 n.15). Consequently, the circuit court did not err in excluding the evidence.

#27148

[¶18.]  Reversed and remanded for findings of fact and conclusions of law.

[¶19.]  GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.