#27940-r-DG

2017 S.D. 23

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

SARAH PURCELL,                                  Petitioner and Appellee,

    v.

GREGORY BEGNAUD,                                Respondent and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE VINCENT A. FOLEY
Judge

* * * *

TIM HOGAN
ANTHONY J. TEESDALE of
Ribstein & Hogan Law Firm
Brookings, South Dakota                         Attorneys for petitioner
                                                and appellee.


JENNIFER GOLDAMMER of
Helsper, McCarty & Rasmussen, PC
Brookings, South Dakota                         Attorneys for respondent
                                                and appellant.

* * * *

CONSIDERED ON BRIEFS
FEBRUARY 13, 2017
OPINION FILED 05/03/17

#27940

GILBERTSON, Chief Justice

[¶1.]        The circuit court imposed a three-year protection order barring

Gregory R. Begnaud from all contact with his two minor children and their mother,

Sarah M. Purcell.  Begnaud appeals the order with respect to the children.  He

argues there is no evidence that he has ever physically harmed or threatened the

children.  We reverse.

## Facts and Procedural History

[¶2.]        On June 2, 2016, Purcell petitioned for a protection order against

Begnaud.  She also requested the parties' two children, who were eight and seven

years old at the time, be granted protection orders against Begnaud.[1]  In the

petition, Purcell alleged that Begnaud had used methamphetamine twice in the

preceding month.  She also alleged that at some point in the past, he had "raised his

fist, pulled back like he was going to hit my face, and stopped right before he hit

me."  The petition did not include any other allegations of abuse toward Purcell, and

it contained no allegations of abuse toward the children at all.

---

1.     Purcell alleges to have had "full legal and physical custody of both children"
       at the time she filed the petition.  Although details of the parties' custody-
       and-visitation arrangement are absent from the record, Begnaud does not
       dispute this claim.  At a subsequent hearing to consider Purcell's petition,
       both parties suggested their visitation arrangement was about to potentially
       change.  On cross-examination, Begnaud's attorney asked Purcell: "Isn't it
       true that [Begnaud's] visitation was supposed to change this summer and
       that's why you brought this [petition]?"  Purcell answered: "That is not why I
       brought this order.  Absolutely not."  Begnaud's attorney also asked Begnaud
       on direct examination: "And do you believe that [Purcell] had motivation to
       file for this protection order because visitation was supposed to be changing
       this summer?"  He responded: "I don't know what her motives are.  I'm sure
       she's just doing what she thinks is best. . . .  It worries me that that may be a
       possibility, yes."

-1-

[¶3.]    The circuit court held a hearing to consider Purcell's petition on June 27. At the hearing, Purcell testified that the raised-fist incident occurred "a couple" years prior to her petition for a protection order. Purcell also testified that Begnaud invited her to a meeting at his fiancée's place of business on May 20, 2016, apparently for the purpose of admitting he had relapsed and used methamphetamine again.[2] Begnaud's fiancée closed her business for the meeting. Once Purcell arrived, Begnaud's fiancée locked the door. Purcell did not mention this incident in her petition, but testified at the hearing that she "felt in harm's way when . . . locked in [the business.]" Begnaud testified that the door was locked "only . . . so nobody would come in." The children were not present for this meeting.

[¶4.]    The circuit court granted the protection order "as requested." The court ordered Begnaud to stay at least 300 feet away from Purcell and their two children at all times. It also prohibited all "[p]hone calls, emails, third party contact, including correspondence, direct or indirect," without exception, to Purcell and the children. The court did not discuss the possibility of visitation—supervised or otherwise.

---

2.    Begnaud previously struggled with methamphetamine use and was on probation at the time of his relapse. He had been clean for 18 or 19 months. By the time of the hearing, Begnaud had begun using a drug patch to monitor his sobriety. Purcell does not allege—and Begnaud denies—that the relapses occurred while the children were visiting Begnaud.

[¶5.] Begnaud appeals, raising one issue: Whether the circuit court abused its discretion by prohibiting all contact between Begnaud and his minor children for three years.[3]

## Standard of Review

[¶6.] We review a circuit court's decision to grant a protection order for an abuse of discretion. *Repp v. Van Someren*, 2015 S.D. 53, ¶ 8, 866 N.W.2d 122, 125 (quoting *Shroyer v. Fanning*, 2010 S.D. 22, ¶ 6, 780 N.W.2d 467, 469). "An abuse of discretion 'is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable.'" *MacKaben v. MacKaben*, 2015 S.D. 86, ¶ 9, 871 N.W.2d 617, 622 (quoting *Gartner v. Temple*, 2014 S.D. 74, ¶ 7, 855 N.W.2d 846, 850). We accept the court's factual findings as correct unless "after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been made." *Repp*, 2015 S.D. 53, ¶ 8, 866 N.W.2d at 125 (quoting *Shroyer*, 2010 S.D. 22, ¶ 6, 780 N.W.2d at 469).

## Analysis and Decision

[¶7.] Begnaud argues the circuit court abused its discretion by prohibiting all contact with his children for a period of three years. He contends the circuit court's decision is not supported by a factual finding that the children were victims of domestic abuse. He further contends that even if the court had so found, there is no evidence in the record to support such a finding. Purcell acknowledges that the court did not explicitly find that the children were victims of domestic abuse. Even

---

3.     Begnaud does not appeal the circuit court's order as it relates to Purcell.

so, she responds that "the [c]ircuit [c]ourt weighed all relevant information and determined that . . . [Begnaud's] potential for violence and abusive behavior when using meth" justified the protection order.

[¶8.] The Legislature created "an action known as a petition for a protection order in cases of domestic abuse." SDCL 25-10-3. This action only applies to an enumerated list of people and relationships, including "[a]ny person who . . . [h]as a child . . . with the abusing party" or between "[p]arent and child[.]" SDCL 25-10-3.1(3), -3.1(4).[4] A petitioner must "allege the existence of domestic abuse[.]" SDCL 25-10-3(2). The petitioner is also required to submit "an affidavit made under oath stating the *specific* facts and circumstances of the domestic abuse[.]" *Id.* (emphasis added). "One seeking relief under the domestic abuse laws must prove abuse by a preponderance of the evidence." *Beermann v. Beermann*, 1997 S.D. 11, ¶ 17, 559 N.W.2d 868, 872 (citing SDCL 25-10-5).

[¶9.] There are several reasons why the protection order was improper. First, Purcell's petition and affidavit do not allege the children are victims of domestic abuse. The term *domestic abuse* has a specific, statutory definition: "physical harm, bodily injury, or attempts to cause physical harm or bodily injury, or the infliction of fear of imminent physical harm or bodily injury when occurring between persons in a relationship described in § 25-10-3.1." SDCL 25-10-1(1).[5]

---

4. Begnaud does not dispute that Purcell and the children are entitled to *apply* for a protection order.

5. Domestic abuse can also include "[a]ny violation of § 25-10-13 or chapter 22-19A or any crime of violence as defined in subdivision 22-1-2(9)[.]" SDCL 25-10-1(1).

Nowhere in the petition or affidavit does Purcell allege that Begnaud ever attempted to harm or injure their children, let alone succeeded in doing so. Nor did Purcell allege Begnaud has inflicted on their children a fear of imminent harm or injury. Because the petition failed to allege the existence of domestic abuse in regard to the children, it was facially defective in regard to the children.

[¶10.]       The absence of a factual finding on this issue is similarly problematic. A circuit court is not authorized to issue a protection order unless it "*finds* by a preponderance of the evidence that domestic abuse has taken place[.]" SDCL 25-10-5 (emphasis added). As noted above, Purcell concedes that the circuit court did not explicitly find that Begnaud had abused the children. On the order for protection, the circuit court did check a box next to the following text:

> 2. Having considered the evidence presented and any affidavits and pleadings on file, this [c]ourt FINDS:
>
> A. That jurisdiction and venue are properly before this [c]ourt;
>
> B. That the above-named Petitioner is eligible for a protection order pursuant to SDCL Ch. 25-10.
>
> C. *By a preponderance of the evidence that "domestic abuse" as defined by SDCL 25-10-1(1) has occurred*; and
>
> D. That the Respondent had actual notice of the hearing and an opportunity to participate.

(Emphasis added.) However, the remainder of the findings—written and oral—indicate the emphasized language contemplates only Purcell and not the children. Later in the findings, the court identified the "petitioner" simply as a "former

spouse"[6] and not as "persons related by consanguinity," which excludes the children. The court did not mention the children at all in its oral pronouncement of decision. Thus, the court failed to find that the children were victims of domestic abuse, and the protection order was not authorized. *See* SDCL 25-10-5.

[¶11.]    Even if the court had made a finding that the children were victims of domestic abuse, such a finding would be clearly erroneous based on the record. Purcell herself testified that to her knowledge, Begnaud had never harmed or injured the children. Neither did she claim Begnaud ever inflicted fear of imminent harm or injury on the children. Begnaud also testified that he has never harmed or inflicted fear of imminent harm on the children. The record does not contain any other evidence that contradicts Purcell's and Begnaud's testimony. Therefore, because the plain text of SDCL 25-10-1(1) indicates the mere possibility of future harm does not qualify as domestic abuse, there is no support for a finding that Begnaud abused the children.

[¶12.]    At the very least, it was an abuse of discretion to impose the protection order without exception and without considering visitation. A court that finds domestic abuse has occurred has discretion to "[a]ward temporary custody or establish temporary visitation with regards to minor children of the parties[.]" SDCL 25-10-5(3). Yet, the protection order prohibits *all* contact between Begnaud and his children for three years. Under the order, Begnaud is forbidden from so much as sending a card to his children on their birthdays or asking their

---

6.    It is unclear whether Purcell and Begnaud were ever married. On her petition, she identified Begnaud as "a person with whom I have had a child or am expecting a child with" and not as "a former spouse[.]"

grandparents to say "hello" on his behalf. The only discernible justification for this order is Purcell's understandable (even if inconsistent[7]) concern that Begnaud *might* relapse again and that if he does, he *might* harm the children. But even if this compound probability can be considered domestic abuse, the court could have simply ordered any in-person contact between Begnaud and the children occur in some type of a supervised setting. Thus, even if the circuit court had found that the children were victims of domestic abuse, it could have protected against such abuse without completely curtailing Begnaud's fundamental rights as a parent for three years.[8]

### Conclusion

[¶13.] The protection order prohibiting all contact between Begnaud and his children for three years was not statutorily authorized because Purcell's petition failed to meet the requirements of SDCL 25-10-3. The order was also unauthorized because the circuit court failed to find that the children were victims of domestic abuse as required under SDCL 25-10-5. Even if the court had made such a finding, it would have been unsupported by the record. Finally, the order was overbroad and an abuse of discretion.

---

7.    As noted above, Purcell permitted the children to visit Begnaud even after discovering he had relapsed.

8.    As Begnaud correctly notes, the United States Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 120 S. Ct. 2054, 2060, 147 L. Ed. 2d 49 (2000) (plurality opinion); *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 1394-95, 71 L. Ed. 2d 599 (1982); *In re Guardianship of S.M.N.*, 2010 S.D. 31, ¶ 17, 781 N.W.2d 213, 221.

#27940

[¶14.]     We reverse the protection order in regard to the children.

[¶15.]     ZINTER, SEVERSON, WILBUR, and KERN, Justices, concur.